[No. B088306. Second Dist., Div. Six. Nov. 15, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
RALPH E. JOHNSON, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for partial publication. The portions of this opinion to be deleted from publication are identified as those portions between double brackets, e.g., [[/]].

**COUNSEL**

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Susan D. Martynec, Michael Keller and Susan C. Diamond, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**GILBERT, J.**—After a jury trial defendant Ralph E. Johnson was convicted of one count of violating Penal Code section 288, subdivision (b) (lewd act

on a child by force) and ten counts of violating Penal Code section 288, subdivision (a) (lewd act on a child).[1] [[/]]*

[[/]]* We affirm.

[[FACTS]]*

DISCUSSION

[[I, II]]*

III

■ Johnson [[/]]* contends the prosecution abused its discretion in charging him with separate counts of violating section 288. Johnson believes the prosecution was required to charge him with a single court of violating section 288.5, which would result in a lesser prison sentence.

Section 288.5 provides that a person who resides in the same home or has recurring access to a child, and who engages in three or more acts of substantial sexual conduct with the child over a period of not less than three months, shall be punished by a prison term of not less than six, twelve, or sixteen years.

Section 288.5 was enacted because of problems of proof that can arise where the molester resides in the same house as the child. Under such circumstances the child may recall she was molested repeatedly over a period of time, but may not be able to recall discrete instances with sufficient precision to prove multiple counts. The People, however, are not required to prosecute under section 288.5 in order to gain a conviction against a resident child molester even when the evidence is based on "generic testimony." (*People* v. *Hord* (1993) 15 Cal.App.4th 711, 720 [19 Cal.Rptr.2d 55].)

Johnson claims the legislative intent behind section 288.5 is to limit the offender's potential liability to a single count against a given victim. (Citing *People* v. *Avina* (1993) 14 Cal.App.4th 1303, 1312 [18 Cal.Rptr.2d 511].) That may indeed be the effect of section 288.5 when it is charged, but the effect is incidental. The legislative purpose was to make obtaining significant penalties against a resident child molester easier. (*Ibid.*)

It is true our Supreme Court stated in *People* v. *Jones* (1990) 51 Cal.3d 294, 314 [270 Cal.Rptr. 611, 792 P.2d 643] that the prosecutor should

---

[1]All statutory references are to this code unless otherwise stated.
*See footnote, *ante*, page 24.

exercise discretion in limiting the number of separate counts charged. But there the court spoke of the possibility of charging hundreds or even thousands of separate counts. No such abuse exists here.

[[IV-VI]]*

The judgment is affirmed.

Stone (S. J.), P. J., and Yegan, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 14, 1996.

---

*See footnote, *ante*, page 24.