[No. B140436. Second Dist., Div. Five. Jan. 22, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
HARRY R. PALMER, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts 1 and 3 of the Discussion.

**COUNSEL**

Corinne S. Shulman, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Garrett Beaumont and Elizabeth A. Hartwig, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**GODOY PEREZ, J.**—Appellant Harry R. Palmer appeals the judgment following his conviction for continuous sexual abuse and misdemeanor molestation of his grandsons. After review, we reverse and remand for resentencing and affirm in all other respects.

### FACTUAL AND PROCEDURAL BACKGROUND

In accord with the usual rules of appellate review, we state the facts in the light most favorable to the judgment. (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206 [26 Cal.Rptr.2d 23, 864 P.2d 103].) Over several years, appellant Harry R. Palmer sexually molested his preadolescent and adolescent grandsons, whom we identify by the initials "A," "B," and "C" in order to protect their identities. When A was 17 years old, appellant orally copulated him at least twice. When B was younger than 14 years old, appellant orally copulated him at least once and they repeatedly engaged in mutual masturbation. When C was younger than 14, appellant fondled and repeatedly orally copulated him. In addition, appellant encouraged B and C to engage in mutual sexual conduct with each other in his presence.

In December 1999, an information was filed against appellant. It alleged appellant had committed misdemeanor child molestation of A between October 1, 1996, and November 30, 1997 (count 2) and between October 1, 1996, and September 30, 1997 (count 3) (Pen. Code, § 647.6, subd. (a)).[1] The information also alleged appellant had continuously sexually abused B and C between January 1, 1994, and December 31, 1997, while the boys were younger than 14 years old and during a time when appellant either lived with, or had recurring access to, them (§ 288.5, subd. (a)) (counts 4 and 5). Finally, the information specially alleged as to both B and C that appellant had "substantial sexual conduct" with them while they were younger than 14 years old (§ 1203.066, subd. (a)(8)), his offenses against them involved multiple victims (§ 667.61, subds. (c)(7), (e)(5)), and the crimes involved more than one victim at the same time (§ 1203.066, subd. (a)(7)).

---

[1] All further statutory references are to the Penal Code unless indicated otherwise.

Appellant pleaded not guilty and denied the allegations. He was tried by a jury, which convicted him on all counts and found true the special allegations. The court sentenced appellant to state prison for 17 years to life, consisting of a base term of 15 years to life for continuous sexual abuse of B (count 4) and a concurrent 15-year-to-life term for continuous sexual abuse of C (count 5). In addition, the court imposed two 1-year consecutive terms for appellant's misdemeanor molestation of A (counts 2 and 3). This appeal followed.

## DISCUSSION

### 1. *No Prosecutorial Misconduct**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### 2. *Remand for Resentencing*

California's "One Strike" law requires a sentence of 15 years to life for a person convicted of certain enumerated sexual offenses under particular aggravating circumstances. (§ 667.61, subd. (b).) The prosecutor urged the One Strike law applied to appellant. The court agreed and sentenced appellant to 15 years to life for his continuous sexual abuse (§ 288.5) of B and imposed a concurrent[5] term of 15 years to life for his continuous sexual abuse of C. Appellant contends the court erred because he was not convicted of an enumerated offense. We agree.

The One Strike law does not include continuous sexual abuse (§ 288.5) among its enumerated offenses. (§ 667.61, subd. (c).) Respondent contends the One Strike law nevertheless applies because it includes among its enumerated offenses violation of section 288[6] for lewd and lascivious acts against a child under age 14. Respondent notes that one way (although we note it is not the only way) of violating section 288.5 is by engaging in three or more "acts of lewd or lascivious conduct under section 288." (See § 288.5.) Respondent thus argues the jury "*implicitly* . . . found appellant guilty of a violation of section 288" when it convicted him of violating section 288.5. (Italics added.)

*See footnote, *ante*, page 440.

[5]Respondent contends a concurrent sentence for the continuous abuse of C was error because the One Strike law requires consecutive sentences when there are multiple victims during a single occasion. (§ 667.61, subd. (g).) Because we find the One Strike law does not apply, respondent's contention is moot.

[6]Section 288, subdivision (a) provides, "Any person who willfully and lewdly commits any lewd or lascivious act [upon] . . . a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony . . . ."

Respondent's effort to refashion appellant's conviction fails because it ignores that three or more acts of lewd or lascivious conduct is not the only way of engaging in continuous sexual abuse. Continuous sexual abuse also occurs from three or more acts of "substantial sexual conduct." (§ 288.5, subd. (a).) Substantial sexual conduct is not the same as lewd or lascivious conduct. For example, one can engage in substantial sexual conduct by masturbating in a child's presence. (§ 1203.066, subd. (b).) To be lewd and lascivious conduct, however, the masturbator must touch the child's clothing or skin (§ 288). Thus, it does not necessarily follow that a conviction for continuous sexual abuse means the jury found appellant engaged in lewd or lascivious conduct. Indeed, the verdict forms contained special findings of "substantial sexual conduct" as to both B and C, but no special finding as to "lewd or lascivious conduct." The jury's verdict thus compels a conclusion exactly opposite of that urged by respondent—in convicting appellant of continuous sexual abuse, the jury convicted him under the "substantial sexual conduct" prong, instead of the "lewd or lascivious" prong.

Changing tack somewhat (following our request for supplemental briefing on the issue), respondent alternatively argues the jury was instructed it must specially find whether appellant "committed in violation of Penal Code section 288, subdivision (a), lewd acts upon a child under the age of 14 against more than one victim . . . ." The jury thereafter found appellant had abused multiple victims, although it made no finding of violating section 288 or of lewd and lascivious conduct—and, indeed, was never instructed on the elements of section 288. Based on the multiple victims finding, respondent renews its argument that the jury implicitly convicted appellant of violating section 288, thus triggering the One Strike law.

Respondent's alternative approach fails for several reasons. First, it ignores that sentence enhancements are not offenses and a true finding as to an enhancement is not a conviction of a substantive crime. (See *People v. Morris* (1988) 46 Cal.3d 1, 16 [249 Cal.Rptr. 119, 756 P.2d 843], overruled on other grounds in *In re Sassounian* (1995) 9 Cal.4th 535, 545, fn. 6 [37 Cal.Rptr.2d 446, 887 P.2d 527]; *People v. Maldonado* (1999) 72 Cal.App.4th 588, 597 [84 Cal.Rptr.2d 898] ["An enhancement for personal use of a firearm is not an 'offense,' and a true finding on an enhancement allegation is not a 'conviction.' "].)

Second, respondent ignores that the jury was never instructed on the elements of section 288. It violates fundamental notions of due process to deem a defendant convicted of an offense on which the jury was never instructed. (*United States v. Gaudin* (1995) 515 U.S. 506, 509-511 [115 S.Ct. 2310, 2313-2314, 132 L.Ed.2d 444].) ▮ Moreover, section 288 is not, as

respondent's suggestion of an "implied conviction" hints, a lesser included offense of section 288.5 because the offenses involve different elements. Accordingly, the standard jury instructions for the two offenses differ, with lewd or lascivious conduct always requiring specific intent, but continuous sexual abuse not necessarily requiring specific intent. (Compare CALJIC Nos. 10.41 [§ 288] with 10.42.6 [§ 288.5].) Thus, as one court explained, "Section 288 requires the specific intent of 'arousing, appealing to, or gratifying the lust or passions or sexual desires of [the defendant] or of the child . . . .' A conviction for section 288.5, in contrast, . . . requires no specific intent. . . . Because section 288.5 could be violated without necessarily also violating section 288, the latter is not necessarily included within the former . . . ." (*People v. Avina* (1993) 14 Cal.App.4th 1303, 1313-1314 [18 Cal.Rptr.2d 511]; see also *People v. Valdez* (1994) 23 Cal.App.4th 46, 48-49 [28 Cal.Rptr.2d 236] ["crimes proscribed by section 288, having different elements than does section 288.5, are not lesser offenses necessarily included therein"]; but see *People v. Adames* (1997) 54 Cal.App.4th 198, 213 [62 Cal.Rptr.2d 631] [statute requiring testing for HIV antibodies for violation of § 288 covers violation of § 288.5 in those particular circumstances where violation of § 288.5 involved violation of § 288].)

■ But in the end—and this applies to both theories urged by respondent—respondent's efforts to turn a conviction of continuous sexual abuse (§ 288.5) into a conviction for lewd and lascivious conduct (§ 288) must ultimately fail because respondent ignores the One Strike law's plain language. The One Strike law includes lewd and lascivious conduct among its enumerated offenses; it does not include continuous sexual abuse in that category. (See § 667.61, subd. (c).) Appellant was charged and convicted of violating section 288.5; he was not charged or convicted with violating section 288. Sections 288 and 288.5 are not, as respondent urges, interchangeable statutes. ■ The Legislature enacted section 288.5 to deal with the particular evidentiary problems associated with child molesters who live with or have easy access to their victims. Under such living arrangements, the victim often cannot recall the number and dates of specific instances of molestation. The victim's hazy memory may create problems for the prosecution. (See, e.g., *People v. Johnson* (1995) 40 Cal.App.4th 24, 26 [46 Cal.Rptr.2d 838].) Accordingly, the Legislature lowered the prosecution's evidentiary hurdle by allowing the prosecutor to prove merely a continuous course of abuse, leaving unclear many of the details surrounding specific instances of molestation which would be required to prove a violation of section 288. (*People v. Cortes* (1999) 71 Cal.App.4th 62, 74-75 [83 Cal.Rptr.2d 519]; *People v. Johnson, supra*, 40 Cal.App.4th at p. 26.) ■ Having enjoyed, however, the lighter evidentiary burden of section 288.5, the People cannot now attempt to avoid the consequence of having

prosecuted under section 288.5 by claiming no difference exists between the two statutes. It is not our job to insert language in a statute which is not there. Had the Legislature wanted to include section 288.5 in the One Strike law, it was capable of doing so. It did not. The People's remedy lies with the Legislature and that body's power to amend the law, not with us, because we are charged with enforcing statutes as they are written, not as one of the parties wishes they were written.

3. *Evidence of Uncharged Sexual Misconduct**

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The matter is reversed and remanded for resentencing without application of the One Strike law. (§ 667.61.) After resentencing, the clerk of the superior court shall prepare and send to the Department of Corrections a corrected abstract of judgment. In all other respects, the judgment is affirmed.

Turner, P. J., and Grignon, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 18, 2001.

---

*See footnote, *ante*, page 440.