Filed 9/11/13  P. v. Santana CA44/1
Opinion following remand from Supreme Court

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D059013 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. RIF139207) |
| SERAFIN SANTANA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Riverside County, Mark E. Johnson, Judge.  Affirmed in part, judgment modified, reversed in part and remanded.

Carl Fabian, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., and Kamala D. Harris, Attorneys General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons and Julie L. Garland, Assistant Attorneys General, Steven T. Oetting, Andrew S. Mestman, Gil Gonzalez and Stacy Tyler, Deputy Attorneys General, for Plaintiff and Respondent.

I.

INTRODUCTION

A jury found defendant Serafin Santana guilty of attempted mayhem and two counts of assault with a firearm, and found true multiple enhancements. Santana filed an appeal in which he raised a number of contentions of trial court error. Specifically, Santana contended (1) that the trial court erred in instructing the jury on the offense of mayhem, as part of its instruction on the charged offense of attempted mayhem, by specifically telling the jury that "a gunshot wound" could be a "serious bodily injury"; (2) that the trial court erred in failing to instruct the jury sua sponte on the offense of attempted battery resulting in serious bodily injury, as a lesser included offense of attempted mayhem; (3) that the trial court erred in failing to instruct the jury on three of the four elements of the offense of assault with a firearm; (4) that the court abused its discretion in admitting in evidence testimony from a witness regarding a threat that a witness received from an unknown person who told the witness to tell one of the victims not to come to court; (5) that a juror committed misconduct by failing to promptly disclose that she knew the victim to be a student at the school where she worked as an instructional aide; (6) that the court erred in imposing a concurrent three-year term for a Penal Code[1] section 12022.7 great bodily injury enhancement as to the attempted mayhem count because the court had already imposed a 25-year-to-life term for a section 12022.53, subdivision (d) great bodily injury enhancement related to that count; (7) that the court erred in ordering Santana to reimburse the county for fees for the services of his appointed counsel without holding a hearing or determining whether he had the ability to pay those fees; (8) that the abstract of judgment

---

[1]     All statutory references are to the Penal Code unless otherwise specified.

is "a complete mess" and requires correction since it "is a virtual impossibility to discern precisely what the trial court ultimately intended in terms of a final sentencing minute order and complete abstract of judgment"; and (9) that the cumulative prejudice caused by the trial court's numerous errors requires reversal.

In our prior opinion in this matter, we concluded that the trial court erred in instructing the jury with respect to the offense of attempted mayhem, and reversed Santana's conviction on count 1. (*People v. Santana* (Oct. 26, 2011, D059013), review granted Feb. 22, 2011, S198324 (*Santana I*).) In addition, we agreed with Santana's contention that the trial court erred in ordering him to reimburse the county for fees for the services of his appointed counsel without holding a hearing or determining that he had the ability to pay. (*Ibid.*) Given our disposition, we did not address Santana's claims of error regarding his sentence with respect to count 1, or his request that we order the trial court to issue a corrected abstract of judgment. (*Ibid.*) However, we considered and rejected Santana's remaining claims of error. (*Ibid.*)

The Supreme Court granted the People's petition for review with respect to the attempted mayhem instructional issue (*People v. Santana* (2013) 56 Cal.4th 999), and reversed this court's judgment, concluding that the instruction on mayhem in CALCRIM No. 801, as given by the trial court in this case in connection with the court's instruction on the charged offense of attempted mayhem, incorrectly stated that the prosecution must prove, as an element of the offense of mayhem, that a defendant caused "serious bodily injury." (*Id.* at pp. 1010-1011.) The Supreme Court further concluded that in requiring the prosecution to prove that a defendant caused "serious bodily injury," the court's

3

instructional error inured to Santana's benefit, such that he could not demonstrate prejudice from that error. The Supreme Court also concluded that to the extent that the trial court's modifications to the attempted mayhem instruction may have been argumentative, any such instructional error was harmless. (*Id*. at p. 1011-1012.) The Supreme Court remanded the matter to this court for proceedings consistent with its opinion. (*Id*. at p. 1013.)

On remand, we apply the analysis of the Supreme Court in *People v. Santana*, *supra*, 56 Cal.4th 999. We also address two of Santana's contentions on appeal that we did not have to address in our prior opinion, i.e, whether the trial court erred in imposing a concurrent three-year term for the infliction of great bodily injury enhancement charged in connection with count 1 (§ 12022.7), and whether the trial court should be ordered to issue a new, corrected abstract of judgment.

Given the Supreme Court's analysis of the issue regarding the attempted mayhem instruction in this case, we conclude that no reversible error occurred with respect to Santana's conviction on the charge of attempted mayhem and affirm that conviction. With respect to Santana's contention that the trial court should have stricken the great bodily injury enhancement that corresponds with his conviction for attempted mayhem, we conclude that Santana is partially correct in his challenge to this portion of the trial court's sentence. Specifically, the trial court should have imposed and stayed execution of Santana's sentence for the section 12022.7 enhancement. We therefore modify the sentence accordingly. With respect to Santana's request that the abstract of judgment be corrected, we agree that correction of the abstract of judgment is required on remand.

4

Further, consistent with our prior opinion in this matter, Santana's convictions on the two counts of assault with a deadly weapon are affirmed. However, the trial court's order requiring Santana to reimburse the county for costs of the services of his appointed counsel is reversed.[2] On remand the trial court shall hold a hearing to determine whether Santana is able to pay those fees.

After completion of any necessary proceedings in the trial court on remand, the court shall enter a new, corrected abstract of judgment that records in a single abstract of judgment the various modifications that the trial court previously made with respect to Santana's sentence over the course of several hearings, and that also reflects a stay of execution of Santana's enhancement term under section 12022.7.

---

[2]    For the reasons stated in our initial opinion in this matter, parts of which were unpublished, we rejected a number of Santana's other claims on appeal, including: (1) that the trial court erred in failing to instruct the jury sua sponte on the offense of attempted battery resulting in serious bodily injury, as a lesser included offense of attempted mayhem; (2) that the court erred in failing to instruct the jury on three of the four elements of the offense of assault with a firearm; (3) that the court abused its discretion in admitting in evidence testimony from a witness regarding a threat that that witness received from an unknown person who told the witness to tell one of the victims not to come to court; (4) that a juror committed misconduct by failing to promptly disclose that she knew the victim to be a student at the school where she worked as an instructional aide; (5) that the court erred in imposing a concurrent three-year term for a section 12022.7 great bodily injury enhancement as to the attempted mayhem count because the court had already imposed a 25-year-to-life term for a section 12022.53, subdivision (d) great bodily injury enhancement as to that count; and (6) that the cumulative prejudice caused by the trial court's numerous errors requires reversal. (*Santana I*, *supra*, D059013 [p. 2].) We agreed with Santana, however, that the court erred in ordering him to reimburse the county for the cost of the services of his appointed counsel, without holding a hearing or determining whether he had the ability to pay those fees. The Supreme Court did not address any of these issues in its opinion. (See *People v. Santana*, *supra*, 56 Cal.4th 999.) Thus, our analysis of these issues remains valid in the wake of the Supreme Court's reversal of our prior opinion on other grounds. (See Eisenberg et al., Cal Practice Guide: Civil Appeals and Writs (The Rutter Group 2006) ¶ 13:120.1, pp. 12-29 (rev. # 1, 2007).)

FACTUAL AND PROCEDURAL BACKGROUND[3]

A.      *Relevant prior factual and procedural history*

In *People v. Santana*, *supra*, 56 Cal.4th at pages 1001-1003, the Supreme Court described the background of this case as follows:

"On the evening of August 12, 2007, defendant Serafin Santana and his friends attended a party given by his coworker, Juan Gomez, in Moreno Valley.  Around 2:00 a.m., Bryan Vallejo, a 15-year-old neighbor who lived three houses down from Gomez, was in his front yard with his friend, Andrew Ortiz.  Defendant and several men approached Vallejo and Ortiz.  One of the men with defendant asked Vallejo about the possibility of getting marijuana. Vallejo said he would try to get some.  When Vallejo later told the men he would not be able to get the drugs, they threw trash on Vallejo's lawn and an argument ensued.  After exchanging some words, the group moved up the street.

"Several men from defendant's group—but not defendant—began to fight Vallejo. When Ortiz started to move towards Vallejo, defendant pointed a gun at Ortiz's head and said, 'This bitch ain't gonna do nothin.'  Defendant struck Ortiz with his gun on the back of the head and on the forehead, and then ran towards Vallejo.  Ortiz yelled, 'He has a gun.' After being struck with an object that felt like metal, Vallejo fell to the ground. The men continued to beat Vallejo and then ran off and got into a white Cadillac parked nearby. Defendant walked towards Vallejo, who was still lying on the ground.  Standing three to

---

[3]      We adopt the Supreme Court's statement of the underlying facts, which generally restated the facts as provided in our prior opinion.

four feet from Vallejo, defendant shot him in the leg three times with a small black revolver. Defendant then ran across the street and got into another car, which drove away. Vallejo was taken to the hospital and treated for his injuries. He had been shot three times in his left leg and buttock area. The wounds were 'through and through,' i.e., all with exit points, and required no stitches. Vallejo, however, felt pain when he changed the bandages and whenever he walked or sat. Also, for a period of time, he had to walk with a cane and wear slippers. He was unable to play football when he returned to school. Both Vallejo and Ortiz identified defendant as the shooter.

"Defendant was charged with one count of attempted mayhem based on a disabling injury as to Vallejo (§§ 203, 664, subd. (a); count 1), and two counts of assault with a firearm with respect to Vallejo and Ortiz (§ 245, subd. (a)(2); counts 2 & 3). The amended information alleged that defendant personally and intentionally used a firearm resulting in great bodily injury (§ 12022.53, subd. (d)) as to count 1; that he personally inflicted great bodily injury (§ 12022.7, subd. (a)) as to counts 1 and 2; and that he personally used a firearm (§ 12022.5, subd. (a)) as to counts 2 and 3. After the jury was unable to reach a verdict, the first trial ended in a mistrial. A second jury found defendant guilty on all three counts and found true all the enhancement allegations. The trial court sentenced defendant to 25 years to life, plus four years four months in state prison." (*People v. Santana*, *supra*, 56 Cal.4th at pp. 1001-1003.)

III.

DISCUSSION

A.  *Santana's conviction for attempted mayhem is affirmed*

The issue with respect to Santana's conviction for attempted mayhem involves

CALCRIM No. 801, the standard jury instruction defining mayhem.[4]  As unmodified,

CALCRIM No. 801 provides:

> "The defendant is charged [in Count _____] with mayhem [in violation of Penal Code section 203].
>
> "To prove that the defendant is guilty of mayhem, the People must prove that the defendant caused serious bodily injury when (he/she) unlawfully and maliciously:
>
> "[1. Removed a part of someone's body(;/.)]
>
> "[OR]
>
> "[2. Disabled or made useless a part of someone's body and the disability was more than slight or temporary(;/.)]
>
> "[OR]
>
> "[3. Permanently disfigured someone(;/.)]
>
> "[OR]
>
> "[4. Cut or disabled someone's tongue(;/.)]
>
> "[OR]
>
> "[5. Slit someone's (nose[, ]/ear[,]/ [or] lip) (;/.)]
>
> "[OR]

---

[4]    Because Santana was charged with *attempted* mayhem, the trial court also instructed with a modified version of CALCRIM No. 460, defining attempt with respect to the offense of mayhem. The parties do not dispute the propriety of that instruction.

8

"[6. Put out someone's eye or injured someone's eye in a way that so significantly reduced (his/her) ability to see that the eye was useless for the purpose of ordinary sight.]

"Someone acts maliciously when he or she intentionally does a wrongful act or when he or she acts with the unlawful intent to annoy or injure someone else.

"[A serious bodily injury means a serious impairment of physical condition. Such an injury may include[, but is not limited to]: (protracted loss or impairment of function of any bodily member or organ/ a wound requiring extensive suturing/ [and] serious disfigurement).]

"[_____ <Insert description of injury when appropriate; see Bench Notes> is a serious bodily injury.]

"[A disfiguring injury may be permanent even if it can be repaired by medical procedures.]"  (CALCRIM No. 801.)

The trial court modified the general instruction as follows:  "To prove that the defendant is guilty of mayhem, the People must prove that the defendant caused serious bodily injury when he unlawfully and maliciously disabled or made useless a part of someone's body and the disability was more than slight or temporary.  [¶]  Someone acts maliciously when he or she intentionally does a wrongful act or when he or she acts with the unlawful intent to annoy or injure someone else.  [¶]  *A serious bodily injury means a serious impairment of physical condition.  Such an injury may include a gunshot wound*."  (Italics added.)

In our prior opinion, we concluded that the trial court erred in modifying the mayhem instruction by including "a gunshot wound" as an example of what may constitute a serious bodily injury, while omitting other offered examples, because, we determined, the instruction as so modified "failed to inform the jury concerning the defining characteristic

9

of the offense of attempted mayhem, i.e., the nature and severity of the type of injury that the defendant intended to inflict." (*Santana I*, *supra*, D059013 [p. 13].) We further concluded that the instruction was argumentative because it invited the jury to focus on the prosecution's evidence that defendant shot Vallejo, and, based on that evidence, to infer that defendant had the requisite specific intent to commit the completed offense of mayhem. (*Ibid*.)

In *People v. Santana*, *supra*, 56 Cal.4th at pages 1007-1011, the Supreme Court concluded that the trial court erred in modifying the attempted mayhem instruction by adding a "serious bodily injury" requirement.[5] However, given that this modification held the prosecution "to an arguably higher burden of proof," the Supreme Court determined that the modification had not prejudiced Santana. (*Ibid*.)

The Supreme Court acknowledged, however, that because the instruction given in this case also "explained that a serious bodily injury 'may include a gunshot wound,' " there remained a question "whether the instruction was argumentative." (*People v. Santana*, *supra*, 56 Cal.4th at p. 1011.) Without concluding that the modified instruction was argumentative, the Supreme Court determined that even if the modification had resulted in an argumentative instruction, in this instance, any instructional error was harmless. (*Id*. at p. 1012.) Specifically, the Supreme Court stated that the "evidence strongly supports a finding that defendant intended to inflict a disabling injury," and that there is "no

---

[5] The People did not make this argument on direct appeal from the trial court's judgment, and, therefore, this court did not consider the issue.

10

reasonable probability the result would have been more favorable to defendant had the court not given an instruction highlighting the victim's gunshot wound."  (*Ibid*.)

Given the Supreme Court's analysis regarding the trial court's modified instruction of the attempted mayhem charge, we conclude that Santana's conviction for attempted mayhem must be affirmed.

B.      *The three-year enhancement for great bodily injury*

The jury convicted Santana of attempted mayhem in count 1, and found true the enhancements charged in relation to this count that he (1) personally and intentionally used a firearm resulting in great bodily injury (§ 12022.53, subd. (d))[6] and (2) personally inflicted great bodily injury (§ 12022.7, subd. (a)).[7]  At the original sentencing hearing, the trial court imposed a sentence of two years on count 1, as well as a consecutive term of 25 years to life on the section 12022.53, subdivision (d) firearm enhancement, and a concurrent term of three years for the section 12022.7 great bodily injury enhancement.  At

---

[6]      Section 12022.53, subdivision (d) provides:  "Notwithstanding any other provision of law, any person who, in the commission of a felony specified in subdivision (a), Section 246, or subdivision (c) or (d) of Section 26100, personally and intentionally discharges a firearm and proximately causes great bodily injury, as defined in Section 12022.7, or death, to any person other than an accomplice, shall be punished by an additional and consecutive term of imprisonment in the state prison for 25 years to life."

[7]      Section 12022.7, subdivision (a) provides:  "Any person who personally inflicts great bodily injury on any person other than an accomplice in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for three years."

11

subsequent sentencing hearings, the court retained this sentence with respect to count 1 and its corresponding enhancements.[8]

In his briefing in the appeal from the judgment, Santana argued that the trial court erred in imposing a concurrent three-year term for the section 12022.7 great bodily injury enhancement in connection with count 1, and contended that the trial court should have struck the sentence for that enhancement pursuant to the terms of section 12022.7, subdivision (g) and section 12022.53, subdivision (f).

Subdivision (g) of section 12022.7, the great bodily injury enhancement, provides in relevant part:  "Subdivisions (a), (b), (c), and (d) shall not apply if infliction of great bodily injury is an element of the offense."  Subdivision (f) of section 12022.53, the firearm enhancement, provides in relevant part:  "An enhancement for great bodily injury as defined in Section 12022.7, 12022.8, or 12022.9 shall not be imposed on a person in addition to an enhancement imposed pursuant to subdivision (d)."  In his original briefing on appeal, Santana made two related arguments regarding these provisions of the enhancement statutes.

First, according to Santana, because the firearm enhancement for which the jury found him liable under section 12022.53, subdivision (d), includes the infliction of "great bodily injury" as an element, he should not have been found liable for the section 12022.7, subdivision (a) enhancement, pursuant to the language of subdivision (g) of section

---

[8]     As we describe further in part III.C., *post*, it appears that the trial court held at least three hearings regarding Santana's sentence.  For purposes of Santana's argument on this particular issue, however, it does not appear that the trial court altered Santana's sentence on count 1, or its corresponding enhancements, at any of proceedings that occurred subsequent to the initial sentencing hearing.

12022.7. We reject this argument because the plain language of subdivision (g) of section 12022.7 refers to "infliction of great bodily injury" being an element of the underlying "*offense*." (Italics added.) Section 12022.53, subdivision (d) is an enhancement, not an offense. (See *People v. Palmer* (2001) 86 Cal.App.4th 440, 444 ["sentence enhancements are not offenses"].)

Second, Santana argued that the terms of subdivision (f) of section 12022.53 required the court to strike any punishment associated with the true finding on the section 12022.7, subdivision (a) enhancement. In their briefing, the People agreed with Santana that the trial court should not have imposed and executed the three-year concurrent term for the section 12022.7, subdivision (a) enhancement, but instead, should have imposed and stayed execution of that term. We agree with the People that the Supreme Court has already determined that the language in subdivision (f) of section 12022.53 is to be construed as requiring a trial court to impose and stay execution of, rather than strike, additional punishments corresponding with the enhancements identified in that provision. (See *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1130 (*Gonzalez*).)

In supplemental briefing after remand from the Supreme Court, Santana makes an additional argument with respect to the court's sentence on count 1 and its corresponding enhancements. Santana now argues that the trial court should have struck his punishment for the enhancement under section 12022.7, subdivision (a) because "great bodily injury is an element of . . . the substantive offense (mayhem) . . . ." According to Santana, the terms of section 12022.7, subdivision (g)—which provides that section 12022.7's enhancements "shall not apply if infliction of great bodily injury is an element of the offense"—operates

13

to bar even the imposition and staying of execution of punishment for that enhancement in his case. He notes that in its opinion in *People v. Santana*, *supra*, 56 Cal.4th at pages 1008-1010, the Supreme Court cited and discussed, and specifically did not disapprove of, cases holding that the offense of mayhem necessarily includes "great bodily injury" as an element. What Santana fails to acknowledge, however, is that he was not convicted of the substantive offense of mayhem. Rather, Santana was convicted of *attempted* mayhem. This distinction is significant. It almost goes without saying that a defendant may be convicted of attempted mayhem *without* having inflicted great bodily injury on the victim. As a result, the infliction of great bodily injury cannot be an element of the offense of *attempted* mayhem. The prohibition against applying an enhancement under section 12022.7 "if infliction of great bodily injury is an element of the offense" is therefore inapplicable in this case.

We conclude that the trial court erred in imposing and executing a concurrent three-year sentence for the jury's true finding on the section 12022.7, subdivision (a) great bodily injury enhancement. Under *Gonzalez*, *supra*, 43 Cal.4th at page 1130, the trial court should have imposed the three-year sentence enhancement under section 12022.7, but stayed its execution. We therefore modify the sentence to reflect a stay of the section 12022.7 enhancement term.

C.    *The abstract of judgment must be corrected*

In the appeal from the judgment in this case, the People agreed with Santana's contention that the abstract of judgment "contains several errors that should be ordered corrected." The People conceded that "[t]he matter should be remanded for the trial court

14

to correct the abstract of judgment to reflect the modifications made to appellant's sentence on the various dates through the final modification which occurred on November 6, 2009."

It appears that the trial court modified Santana's sentence at least twice after the initial sentencing hearing on August 10, 2009—as reflected in minute orders dated August 14, 2009 and November 6, 2009. However, the only abstract of judgment in the record, filed on August 27, 2009, indicates that it was prepared based on the proceedings at the August 14 sentencing hearing. The August 14 abstract of judgment does not include any of the sentencing modifications that the court apparently attempted to make at the November 6, 2009, sentencing hearing, and the minute order from that hearing does not reflect all of the sentencing determinations that were made at the prior hearings.

Given the state of the record and the parties' agreement that it is difficult, if not impossible, to discern "what the trial court ultimately intended in terms of a final sentencing minute order and complete abstract of judgment," the appropriate remedy is to remand the matter to the trial court with the direction to enter a new, corrected abstract of judgment in this case.

IV.

DISPOSITION

Santana's convictions are affirmed.

The judgment is modified to reflect a stay of execution of the three-year term for the section 12022.7 great bodily injury enhancement.

15

The court's order requiring Santana to reimburse the county for fees paid to his appointed attorney continues to be reversed; the trial court may make a similar order, but only if the court finds, after holding a hearing, that Santana has the ability to pay those fees.

The trial court is directed to amend the abstract of judgment to reflect the modification regarding the section 12022.7 great bodily injury enhancement, and to correct the other errors that resulted from the failure of the court to sufficiently record in a single abstract of judgment the various modifications made with respect to Santana's sentence. The trial court shall send a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

The case is remanded to the trial court for further proceedings as are required in light of this disposition.


AARON, J.

WE CONCUR:


BENKE, Acting P. J.


McDONALD, J.

16