Filed 3/25/22  P. v. Vasko CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SEAN MICHAEL VASKO,<br><br>    Defendant and Appellant. | C094305<br><br>(Super. Ct. No. 20CR29876) |

Defendant Sean Michael Vasko appeals the trial court's judgment sentencing him to two years of local prison time for felony firearm concealment.  He contends the trial court prejudicially erred when it failed to instruct the jury on the elements necessary to elevate the punishment for his firearm concealment conviction to a wobbler[1] offense, but

---

[1]  A "wobbler" is an offense that is "chargeable or, in the discretion of the court, punishable as either a felony or a misdemeanor."  (*People v. Park* (2013) 56 Cal.4th 782, 789, italic omitted.)

1

nonetheless sentenced him to the elevated term in violation of the federal Constitution as interpreted in *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490 [147 L.Ed.2d 435]. In light of this error, defendant requests we modify the judgment to reduce this conviction to a misdemeanor and remand his case for resentencing. The People agree the trial court prejudicially erred requiring the requested relief. We concur with the parties, and accordingly, will modify the judgment as requested and remand for resentencing.

## BACKGROUND

### I

The People's August 21, 2020 complaint charged defendant with carrying a concealed firearm on his person (Pen. Code, § 25400, subd. (a)(2); count one),[2] carrying a loaded firearm, not registered owner (§ 25850, subd. (c)(6); count two) and resisting or obstructing a peace officer (§ 148, subd. (a)(1); count three). Count one was elevated to a felony under section 25400, subdivision (c)(6) on the basis that "the firearm and unexpended ammunition were in the immediate possession of, and readily accessible to, the defendant . . . and . . . the firearm was not registered to the defendant." Following defendant's preliminary hearing where he was held to answer on the charges, the complaint was deemed an information and the matter was set for a jury trial.

At that trial, the People presented evidence that Officer Carlo Sgroi observed defendant riding a bicycle without a front light on the side of a highway shortly after midnight. The officer stopped defendant and learned from dispatch that defendant might be armed with a handgun. After backup arrived, Officer Sgroi told defendant of his intent to search him for weapons. In response, defendant fled on foot into an area with brush, but was later apprehended by officers. No weapons were located on defendant, but a search of the brush area revealed a semiautomatic handgun, a magazine with

---

[2] Undesignated statutory references are to the Penal Code.

ammunition, a holster, and defendant's cellular phone.[3] Officer Sgroi later overheard defendant telling someone that he had stolen the handgun from his mother's home.

Thereafter, the jury instructions for the section 25400, subdivision (a)(2) concealment count did not include language directed toward the subdivision (c)(6) allegation. The jury ultimately found defendant guilty of the concealment and resisting counts, but not guilty of carrying a loaded firearm, not registered owner. The verdict form for count one did not include any language directed toward the section 25400, subdivision (c)(6) allegation.

At sentencing, defendant argued he was only found guilty of misdemeanor concealment because the verdict form did not include the language required to make it a felony, to wit, that he was not the registered owner of the gun concealed. The People disagreed, arguing "the elements for a felony offense were met at trial, and the jury convicted the defendant on those elements." Implicitly rejecting defendant's argument, the trial court sentenced defendant to the midterm of two years for the firearm concealment with a concurrent one-year term for resisting or obstructing a peace officer, to be served as a straight local prison term with 55 actual days plus 54 conduct days for a total of 109 days of custody credits. Defendant timely appealed.

## DISCUSSION

## II

Defendant contends, and the People agree, that his felony conviction for carrying a concealed firearm in count one must be reduced to a misdemeanor because the jury never found any of the enumerated sentencing factors necessary to increase the punishment for the crime from a misdemeanor to a felony. We agree with the parties.

---

[3] The handgun was registered to another person, who reported it stolen during a burglary of his home in 2019.

Section 25400 makes it a crime to carry "concealed upon the person any pistol, revolver, or other firearm capable of being concealed upon the person." (§ 25400, subd. (a)(2).) The crime is punishable as a misdemeanor (§ 25400, subd. (c)(7)), unless the People plead and prove at least one of six enumerated sentencing factors that convert the crime into a wobbler or a felony. (See § 25400, subd. (c)(1)-(6)). For example, subdivision (c)(6) of section 25400 converts the crime of carrying a concealed firearm into a wobbler if the People prove both of the following: "(A) The pistol, revolver, or other firearm capable of being concealed upon the person is loaded, or both it and the unexpended ammunition capable of being discharged from it are in the immediate possession of the person or readily accessible to that person. [¶] [And] (B) The person is not listed with the Department of Justice pursuant to paragraph (1) of subdivision (c) of Section 11106 as the registered owner of that pistol, revolver, or other firearm capable of being concealed upon the person."

The Sixth and Fourteenth Amendments to the United States Constitution guarantee a criminal defendant the right to " 'a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt.' [Citations.]" (*Apprendi v. New Jersey, supra*, 530 U.S. at p. 477 [147 L.Ed.2d at p. 447]; see also *People v. Gallardo* (2017) 4 Cal.5th 120, 128.) A defendant also has a Sixth Amendment right to have the jury find "any fact that increases the penalty for a crime beyond the prescribed statutory maximum . . . ." (*Apprendi,* at p. 490 [147 L.Ed.2d at p. 455].)

In this case, the People charged defendant with a felony violation of section 25400, subdivision (a)(2), alleging the facts necessary for the crime to qualify as a wobbler under subdivision (c)(6) of that statute. Although the trial court instructed the jury on the elements of a violation of section 25400, subdivision (a)(2), it never instructed the jury on the sentencing factors enumerated in subdivision (c) of section 25400, including those in subdivision (c)(6), which, if found true, would elevate the crime to a wobbler or a felony. (See CALCRIM Nos. 2520, 2546.) The jury's verdict form also did

4

not reference any of the factors set forth in section 25400, subdivision (c), instead asking the jury to find only whether defendant was guilty of "a violation of section 25400(a)(2) of the Penal Code, namely, having a concealed firearm on a person, a felony. . . ." (Capitalization omitted.) Thus, when it convicted defendant of carrying a concealed firearm in count one, the jury never made express findings as to any fact that would make the crime eligible for felony punishment. The trial court nevertheless sentenced defendant for count one as if he had been convicted of a felony violation of section 25400, subdivisions (a)(2), (c)(6). This was in error. (See *People v. Palmer* (2001) 86 Cal.App.4th 440, 444 ["It violates fundamental notions of due process to deem a defendant convicted of an offense on which the jury was never instructed"].)

We further agree with the parties that we cannot deem this error harmless given the lack of evidence establishing that the ammunition in the clip was capable of being discharged from the handgun. (See § 25400, subd. (c) (6) (A).) Under these circumstances, we cannot say the error in failing to instruct the jury on the elements necessary to enhance the punishment was harmless beyond a reasonable doubt. (*People v. Mil* (2012) 53 Cal.4th 400, 415, 417-419; *People v. Sengpadychith* (2001) 26 Cal.4th 316, 326.) Finally, we agree with the parties that it is appropriate to modify the judgment to reflect that defendant was actually convicted of misdemeanor firearm concealment and remand for resentencing in light of this modification.

## DISPOSITION

### III

The judgment is modified to reflect that defendant was convicted of a misdemeanor violation of section 25400, subdivision (a)(2), and the matter is remanded for resentencing in light of this modification.  The judgment is otherwise affirmed.

_____\\s\\_____,
BLEASE, Acting P. J.

We concur:

_____\\s\\_____,
HULL, J.

_____\\s\\_____,
MAURO, J.

6