[No. B153035. Second Dist., Div. Two. Aug. 5, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
FRANCISCO JAVIER ALVAREZ, Defendant and Appellant.

**COUNSEL**

Edward H. Schulman, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Jamie L. Fuster and J. Michael Lehmann, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BOREN, P. J.**—Appellant Francisco Javier Alvarez was convicted after a court trial of a forcible lewd act upon a child under 14 years (Pen. Code,

§ 288, subd. (b); count 2),[1] lewd acts upon a child under 14 years (§ 288, subd. (a); counts 3, 4), and forcible rape (§ 261, subd. (a)(2); counts 5, 6). The trial court also found the one strike allegation under the so-called "one strike" sex offender law (§ 667.61, subd. (e)(5)) to be true as to each count. The court sentenced appellant to two consecutive 15-year-to-life terms, with the remaining terms to run concurrently.

Appellant contends that (1) the trial court erred in dismissing a count for continuous sexual abuse of a child under age 14 (§ 288.5, subd. (a)), rather than the three counts for lewd acts upon the same child, (2) application of the one strike law to any of the counts violates the ex post facto clauses of the California and United States Constitutions, and (3) the one strike law is inapplicable to the lewd conduct counts of which appellant was convicted, and those counts should have been dismissed instead of the continuous sexual abuse count, which was not subject to the one strike law.

Because we conclude that application of the one strike law to any of the lewd act counts violates the ex post facto clauses of the California and United States Constitutions, we vacate the findings on the one strike allegation as to those counts and vacate the 15-year-to-life sentence on the forcible lewd act count and remand the matter for resentencing. The judgment is otherwise affirmed.

## PROCEDURAL BACKGROUND

The district attorney filed an information charging appellant in count 1 with continuous sexual abuse of Dolores A. (Dolores), a child under age 14, in count 2 with a forcible lewd act upon Dolores, in counts 3 and 4 with lewd acts upon Dolores, and in counts 5 and 6 with forcible rape of Dolores's sister, Elizabeth A. (Elizabeth). All counts pertaining to Dolores were alleged to have occurred between November 2, 1990, and December 24, 1993. The counts pertaining to Elizabeth were alleged to have occurred between September 1, 1999, and September 30, 1999. As to all but count 1, the information alleged that appellant committed an offense against multiple victims under the one strike law.

Appellant pled not guilty to each of the counts, denied the special allegations and waived his right to a jury trial. When the court trial began, appellant objected to the lewd act counts (counts 2 through 4), claiming that under section 288.5, subdivision (c), he could not be convicted of both continuous sexual abuse (count 1) and the lewd act counts because they occurred during the same time period and upon the same victim. The trial court deferred a ruling on this objection.

---

[1] All subsequent statutory references are to the Penal Code unless otherwise specified.

When the trial concluded, but before the court decided the case, it stated: "I think that if I find the defendant guilty in count 1 [continuous sexual abuse], . . . that you're precluded from filing other charges except as to Elizabeth. . . ." The prosecutor then moved to dismiss count 1 and to have appellant sentenced on counts 2 through 6. Appellant objected, stating: "The People should be precluded from reoffering proof as to those counts [2 through 4] having shown the 288.5 elements. That count contemplated multiple offenses over a period of time all of which are encompassed by counts 2, 3 and 4 also. [¶] . . . [¶] What the statute does is it forces an election on the People. When they elect to charge 288.5, they cannot proceed as they have done here."

The trial court granted the prosecution's motion and dismissed the continuing sexual abuse count. It found appellant guilty of counts 2 through 6 and found the one strike allegation of multiple victims to be true.[2] The court sentenced appellant to consecutive 15-year-to-life sentences on count 2, the commission of a forcible lewd act upon Dolores, and count 5, the forcible rape of Elizabeth, and the high term of eight years on counts 3, 4 and 6, to run concurrently with the sentences on counts 2 and 5.

## DISCUSSION

*I. The trial court did not err in granting the prosecution's motion to dismiss the continuous sexual abuse count and sentencing appellant on the lewd conduct counts.*

Section 288.5, subdivision (c), provides: "No other felony sex offense involving the same victim may be charged in the same proceeding with a charge under this section [for continuous sexual abuse] unless the other charged offense occurred outside the time period charged under this section or the other offense is charged in the alternative. A defendant may be

---

[2]Appellant does not contest the sufficiency of the evidence to sustain the convictions, and we therefore need not discuss it in any detail. In brief, appellant had been in a relationship with Dolores and Elizabeth's mother and raised the girls. They believed he was their biological father, although he was not. On November 2, 1990, when Dolores was 10 years old and Elizabeth was 9 years old, the children's mother left them with appellant and went to Mexico, never to return. Between the evening of her departure and December 24, 1993, appellant regularly molested Dolores. That night he forcibly touched her breasts and vagina over her clothes. Within two weeks he had sex with her on two occasions, and he continued to rape her approximately two times a month for the next two years, the last time being three months after she turned 12 years old in December 1992. Appellant later admitted to his stepbrother that "I raped Dolores." After Dolores had moved out of appellant's house, he raped Elizabeth twice in September 1999. On one of the occasions, while visiting her sister, Dolores observed the rape.

charged with only one count under this section unless more than one victim is involved in which case a separate count may be charged for each victim."[3]

Appellant contends that by charging him and proceeding with the continuous sexual abuse count, the prosecution was barred under section 288.5, subdivision (c), from obtaining his conviction of the three lewd conduct counts because they were not alleged in the alternative, were alleged and proven to have been committed during the same time period as the continuous abuse count, and involved the same victim. Consequently, he argues, the trial court erroneously granted the prosecution's motion to dismiss the continuous sexual abuse count and improperly convicted and sentenced him on the lewd conduct counts. Instead, it should have dismissed the lewd conduct counts and convicted and sentenced him only on the continuous abuse count. In supplemental briefing, appellant urges that the Supreme Court's recent decision in *People v. Johnson* (2002) 28 Cal.4th 240 [121 Cal.Rptr.2d 197, 47 P.3d 1064] (*Johnson*) dictates the conclusion for which he argues. We reject appellant's contention and disagree that *Johnson* controls the resolution of this matter.

In *Johnson*, the defendant was charged with continuous sexual abuse of a child under age 14 pursuant to section 288.5, four counts of forcible lewd acts on a child and one count of sodomy of a person under age 14 by a person 10 or more years older. All of the counts were alleged to have occurred during overlapping time periods. The specific sexual offenses were not alleged in the alternative as to the continuous sexual abuse count. The trial court convicted the defendant on all counts and sentenced him to the high term of 16 years' imprisonment for continuous sexual abuse, staying his sentence on the individual charges pursuant to section 654. The Court of Appeal reversed the convictions on the specific sexual offenses, finding that the language of section 288.5, subdivision (c), precluded convictions on both continuous sexual abuse and individual sex offenses.

The Supreme Court addressed the issue of what impact section 288.5, subdivision (c), has when a defendant is convicted of both continuous sexual

---

[3]Section 288.5, subdivisions (a) and (b), provide: "(a) Any person who either resides in the same home with the minor child or has recurring access to the child, who over a period of time, not less than three months in duration, engages in three or more acts of substantial sexual conduct with a child under the age of 14 years at the time of the commission of the offense, as defined in subdivision (b) of Section 1203.066, or three or more acts of lewd or lascivious conduct under Section 288, with a child under the age of 14 years at the time of the commission of the offense is guilty of the offense of continuous sexual abuse of a child and shall be punished by imprisonment in the state prison for a term of 6, 12, or 16 years. [¶] (b) To convict under this section the trier of fact, if a jury, need unanimously agree only that the requisite number of acts occurred not on which acts constitute the requisite number."

abuse and individual sex offenses. It concluded that because section 288.5, subdivision (c), permitted *charging* both continuous sexual abuse and specific sexual offenses pertaining to the same victim over the same period of time only in the alternative, the prosecution "may not obtain multiple convictions in the latter circumstance" and affirmed the decision of the Court of Appeal. (*Johnson, supra*, 28 Cal.4th at p. 248.) It disapproved the decision of this court in *People v. Valdez* (1994) 23 Cal.App.4th 46 [28 Cal.Rptr.2d 236], which had held that such multiple convictions were permissible so long as there was not multiple punishment. (*Johnson, supra*, 28 Cal.4th at p. 244.)

Unlike in *Johnson*, appellant here was not subjected to multiple convictions since he was not convicted of both continuous sexual abuse and specific sexual offenses. The issue presented, which *Johnson* was not called upon to resolve, is whether *Johnson*'s prohibition against multiple convictions can be achieved by dismissing the continuous sexual abuse count, rather than the specific sexual offenses.

The language of section 288.5, subdivision (c), is unambiguous. A specific sexual offense involving the same victim *may be charged* in the same proceeding with a continuous sexual abuse charge *only if* the specific sexual offense occurred outside the time period of the continuous sexual abuse charge or is charged in the alternative. The information against appellant alleged that the specific sexual offenses occurred in the identical time period as the continuous sexual abuse charge and did not allege the charges in the alternative.

Section 1004 authorized appellant to demur "to the accusatory pleading at any time prior to the entry of a plea, when it appears upon the face thereof . . . [¶] . . . [¶] 5. That it contains matter which, if true, would constitute a legal justification or excuse of the offense charged, or other legal bar to the prosecution." Section 1012 provides: "When any of the objections mentioned in Section 1004 appears on the face of the accusatory pleading, it can be taken only by demurrer, and failure so to take it shall be deemed a waiver thereof, except that the objection to the jurisdiction of the court and the objection that the facts stated do not constitute a public offense may be taken by motion in arrest of judgment."

Here, the impropriety of not charging the continuous sexual abuse offense and lewd conduct offenses in the alternative appeared on the face of the information. Nonetheless, appellant failed to demur, thereby waiving his objection to the prosecution's proceeding on all of these offenses. Had appellant demurred on this ground, the prosecution could have readily

amended the technical pleading error and alleged the specific sexual offenses in the alternative. By failing to demur, appellant cannot now claim that the prosecution lost its right to proceed on all of the counts and to elect to seek conviction of the specific sexual offenses.[4] The trial court therefore properly granted the prosecution's motion to dismiss the continuing sexual abuse charge and convicted appellant on the lewd conduct counts.

The conclusion we reach is consistent with, and fosters, the apparent legislative purpose of section 288.5, which "was enacted because of problems of proof that can arise where the molester resides in the same house as the child. Under such circumstances the child may recall she was molested repeatedly over a period of time, but may not be able to recall discrete instances with sufficient precision to prove multiple counts. . . . [¶] . . . The legislative purpose was to make obtaining significant penalties against a resident child molester easier." (*People v. Johnson* (1995) 40 Cal.App.4th 24, 26 [46 Cal.Rptr.2d 838].) The catalyst for adoption of section 288.5 appears to have been the Court of Appeal opinion in *People v. Van Hoek* (1988) 200 Cal.App.3d 811 [246 Cal.Rptr. 352], disapproved in *People v. Jones* (1990) 51 Cal.3d 294, 322 [270 Cal.Rptr. 611, 792 P.2d 643], which overturned the conviction of a father because his child was unable to testify to the specific times of incidents of continuous abuse. (*People v. Gohdes* (1997) 58 Cal.App.4th 1520, 1526-1527 [68 Cal.Rptr.2d 719].) As succinctly stated in *Johnson,* the Legislature was seeking to subject child molesters "to 'certain' punishment by lowering the . . . hurdle against which many molestation prosecutions evidently had stumbled." (*Johnson, supra,* 28 Cal.4th at p. 247.) It would be anomalous if section 288.5, adopted to prevent child molesters from evading conviction, could be used by those molesters to circumvent multiple convictions with more severe penalties and

---

[4]When the court trial commenced, appellant's counsel did raise the objection that the court could not convict appellant on "both count 1 and counts 2, 3 and 4." This objection was not, however, in the form of a belated demurrer. Appellant's counsel stated, "We're putting the cart before the horse, but I'll lodge my objection now as to those and we'll argue the [appropriate] remedy for the objection at some point." Counsel then agreed that the appropriate juncture would be in a section 1118 motion. During closing argument counsel raised the objection once more, and the court agreed that it could not convict on count 1 and also convict on the other specific counts relating to Dolores. The court then gave the parties additional time to brief this issue before the court made findings of guilt. When the trial reconvened, the prosecution moved to dismiss count 1, and defense counsel for the first time urged that the court could not grant the prosecution's motion because the court "lack[ed] jurisdiction the way it was pled . . . ."

Thus, appellant did not raise a pleading defect until after both sides had presented their evidence. Any demurrer at this stage would, in any event, have been untimely and deprived the People of their right to amend the pleading. No action on the part of the People waived their right to make an election or plead in the alternative. We therefore observe that, under the circumstances of this case, the defense objections could serve only to assist the court to avoid double convictions as proscribed by section 288.5, subdivision (c).

prior-strike consequences than available for a conviction under section 288.5.

## II. *Application of the one strike law to the lewd conduct charges violates the ex post facto prohibitions in the California and United States Constitutions.*

The information charged appellant with four counts of sexual abuse of Dolores, occurring between November 2, 1990, and December 24, 1993. Appellant was sentenced on the forcible lewd conduct count to 15 years to life pursuant to the one strike law, section 667.61, subdivision (b), for committing a specified sex offense against more than one victim. (§ 667.61, subd. (e)(5).) The one strike law became effective on November 30, 1994.

Appellant contends that because the one strike law was adopted after his sexual abuse of Dolores had occurred, applying it to the charges for that conduct violates the state and federal constitutional protections against ex post facto laws. Respondent concedes this point, and we agree.

Both the California and United States Constitutions proscribe ex post facto laws. (U.S. Const., art. I, § 10; Cal. Const., art. I, § 9.) The federal and state prohibitions against ex post facto laws apply to any statute that punishes as a crime an act previously committed which was not a crime when done or that inflicts greater punishment than the applicable law when the crime was committed. (*Collins v. Youngblood* (1990) 497 U.S. 37, 42-43 [110 S.Ct. 2715, 2719-2720, 111 L.Ed.2d 30].)[5] Because the punishment of 15 years to life under the one strike law exceeded the punishment appellant could have received under the applicable law when the offenses were committed,[6] application of the one strike law to the lewd conduct charges against him violated the ex post facto clauses of both the California and United States Constitutions. This matter must therefore be remanded for resentencing without applying the one strike law to the lewd conduct counts and consistent with *People v. Castaneda* (1999) 75 Cal.App.4th 611 [89 Cal.Rptr.2d 367].

---

[5]The California and United States constitutional ex post facto provisions are similarly interpreted. (*People v. Frazer* (1999) 21 Cal.4th 737, 754, fn. 15 [88 Cal.Rptr.2d 312, 982 P.2d 180].)

[6]The penalty for a conviction of lewd conduct under section 288, subdivision (a) or (b), during the time period that appellant abused Dolores, was three, six or eight years.

III. *Application of the one strike law to the rape charges pertaining to Elizabeth does not violate the ex post facto prohibition in the California or United States Constitution.*

The trial court imposed a 15-year-to-life sentence under the one strike law for appellant's rape of Elizabeth, concluding that as a result of his convictions of lewd conduct upon Dolores, he had committed sexual abuse crimes specified in section 667, subdivision (c), against more than one victim. (§ 667.61, subd. (e)(5).)

Appellant contends that because application of the one strike law to his conviction for rape of Elizabeth required a conviction of a specified offense against Dolores, and the offenses against Dolores occurred prior to the adoption of the one strike law, its application to Elizabeth violates the prohibitions against ex post facto laws. This contention is without merit because at the time of Elizabeth's rapes, the one strike law was in effect.

Our opinion in *People v. James* (2001) 91 Cal.App.4th 1147 [111 Cal.Rptr.2d 292] is instructive. There, the trial court sentenced the defendant for his conviction of various felonies as a three strike offender. It considered 1993 and 1994 convictions for assault with a firearm and discharge of a firearm at an inhabited dwelling, respectively, to be prior strikes. At the time they were committed, they were not "violent and serious felonies" so as to constitute strikes under the three strikes law. But effective March 8, 2000, sections 667.5 and 1192.7 were amended to add these offenses to the list of serious and violent felonies that could constitute a prior strike. On March 17, 2000, the defendant committed the newly charged offenses.

The defendant contended that the two prior convictions could not be considered prior strikes because they were not "serious or violent felonies," and hence prior strikes, when they were committed. We concluded that the determination of whether a prior offense constituted a strike was based on whether it was a strike when the current offense was committed, not when the prior offense was committed. (*People v. James, supra,* 91 Cal.App.4th at p. 1150.)

Analogously here, because the rapes of Elizabeth occurred after section 667.61 had been adopted, it is irrelevant that the sex offenses against Dolores preceded its adoption. Because appellant raped Elizabeth after the effective date of the one strike law, that law was not applied to conduct occurring before its adoption. Section 667.61, subdivision (e)(5), does not require that the crimes against the other victim have been subject to the one strike law when they were committed.

*IV. Appellant's contention that the one strike law cannot be applied to a conviction for continuous sexual abuse is moot.*

Arguing that because he should have been convicted of continuous sexual abuse under section 288.5, rather than the specific sexual offenses pertaining to Dolores, and because section 288.5 is not an offense specified in section 667.61, subdivision (c), that invokes application of the one strike law, appellant contends the trial court erred in applying the one strike law to the charges relating to Dolores. Because we have rejected appellant's underlying assumption that the trial court incorrectly dismissed the continuous sexual abuse count and instead convicted him of the three lewd conduct counts, this argument is moot, and we do not reach it.

### DISPOSITION

The 15-year-to-life sentence on count 2, as well as the findings on the one strike allegations as to counts 2, 3 and 4, are vacated and this matter remanded for resentencing of appellant consistent with this opinion. The judgment is otherwise affirmed.

Doi Todd, J., and Ashmann-Gerst, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 23, 2002. Kennard, J., and Moreno, J., were of the opinion that the petition should be granted.