Filed 7/17/13  P. v. Gutierrez CA5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>PETE GUTIERREZ, JR.,<br><br>    Defendant and Appellant. | F063667<br><br>(Super. Ct. No. F10906329)<br><br><br>**OPINION** |

-----

## THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  John F. Vogt, Judge.

Matthew H. Wilson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Clara M. Levers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

-----

\*       Before Hill, P. J., Wiseman, J. and Levy, J.

Appellant Pete Gutierrez, Jr., was convicted following a jury trial of sexual offenses, and the trial court sentenced him under the "One Strike" law (Pen. Code, § 667.61)[1] to 25 years to life for two of his convictions. Appellant argues that the sentence violates the ex post facto clauses of the United States and California Constitutions because his offenses were committed before the effective date of the applicable provision of the one strike law, and respondent concedes that the trial court erred. We find the concession appropriate, vacate appellant's sentence, and remand the matter for resentencing under the law in effect at the time appellant committed his offenses. We also agree with the parties that the abstract of judgment incorrectly reflects appellant was sentenced under the "Three Strikes" law, rather than the One Strike law. Therefore, following resentencing, the amended abstract of judgment should be carefully rendered to include correct references to applicable sentencing provisions.

## *FACTUAL AND PROCEDURAL BACKGROUND*

Because appellant raises only sentencing error on appeal, a summary of the underlying facts supporting appellant's convictions is not necessary. Appellant was charged in an information on May 2, 2011, with three counts of continuous sexual abuse of a child under the age of 14 (§ 288.5, subd. (a)), as follows: count 1 occurring between January 1, 1996, and May 7, 2002; count 2 occurring between June 26, 2008, and December 15, 2010; and count 3 occurring between March 3, 2008, and December 15, 2010. With respect to each count, the information alleged multiple victims within the meaning of the One Strike law (former § 667.61, subd. (e)(5), now § 667.61, subd. (e)(4)).

Following a jury trial, appellant was found guilty of all counts. The jury also found true the multiple-victim allegations. The sentencing minute order and abstract of

---

[1]     All further statutory references are to the Penal Code.

judgment indicate the trial court sentenced appellant to an aggregate prison term of 65 years to life as follows:  15 years to life on count 1, plus two consecutive 25-year-to-life terms on counts 2 and 3.  This timely appeal followed.

## *DISCUSSION*

Appellant contends his sentence of 25 years to life on counts 2 and 3 under the One Strike law violates the ex post facto clauses of the United States and California Constitutions because it imposed a greater punishment for his offense than was authorized by law when the offenses were committed.  He requests that this court vacate his sentence and remand the matter for resentencing.

The One Strike law (§ 667.61) originally went into effect on November 30, 1994.  (*People v. Alvarez* (2002) 100 Cal.App.4th 1170, 1178 (*Alvarez*).)  The indeterminate life terms prescribed by section 667.61 "greatly exceed the determinate sentences previously available for violations of section 288 [and other sexual offenses.]"  (*People v. Hiscox* (2006) 136 Cal.App.4th 253, 257 (*Hiscox*).)  "Both the California and United States Constitutions proscribe ex post facto laws.  (U.S. Const., art. I, § 10; Cal. Const., art. I, § 9.)  The federal and state prohibitions against ex post facto laws apply to any statute that punishes as a crime an act previously committed which was not a crime when done or that inflicts greater punishment than the applicable law when the crime was committed.  [Citation.]"  (*Alvarez,* at p. 1178, fn. omitted.)  "[I]t is the prosecution's responsibility to prove to the jury that the charged offenses occurred on or after the effective date of the statute providing for the defendant's punishment.  When the evidence at trial does not establish that fact, the defendant is entitled to be sentenced under the formerly applicable statutes even if he raised no objection in the trial court."  (*Hiscox,* at p. 256.)

In sentencing appellant to 25-year-to-life terms on counts 3 and 4, the trial court apparently relied on section 667.61, subdivision (j)(2), which provides:  "Any person

who is convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e), *upon a victim who is a child under 14 years of age*, shall be punished by imprisonment in the state prison for *25 years to life*." (Italics added.) As the parties observe, this sentencing provision did not go into effect until September 9, 2010, as part of the "Chelsea King Child Predator Prevention Act of 2010" popularly known as "Chelsea's Law." (Stats. 2010, ch. 219, § 1 et seq.)

Appellant argues, respondent concedes, and we agree that, notwithstanding the dates alleged in the information, the evidence at trial established that the qualifying offenses for the multiple-victim allegations in counts 2 and 3 occurred prior to September 9, 2010, the effective date of section 667.61, subdivision (j)(2). The victims of counts 2 and 3, who lived out of town and visited appellant during their summer vacations, both testified the last time appellant sexually abused them was in the summer of 2010; and the mother of one of the victims described the time frame of summer visits as being between the latter part of July and the early part of August. It is therefore appropriate to remand the matter for resentencing on counts 2 and 3 under the law in effect at the time of appellant's offenses. (*Hiscox*, *supra*, 136 Cal.App.4th at pp. 259, 262; *Alvarez*, *supra*, 100 Cal.App.4th at p. 1178.)

It is also appropriate to remand the matter for resentencing on count 1. As the parties observe, while the abstract of judgment and sentencing minute order indicate the trial court sentenced appellant to 15 years to life on count 1, the court orally pronounced a sentence of 25 years to life. The parties assume the One Strike multiple-victim circumstance (mandating a 15-years-to-life sentence) is applicable to appellant's conviction of continuous sexual abuse (§ 288.5) in count 1. However, this assumption appears to be incorrect because continuous sexual abuse was not a qualifying offense under the One Strike law at the time appellant committed the offense; i.e., between 1996 and 2002. (See *People v. Palmer* (2001) 86 Cal.App.4th 440, 445, review den.) A

4

violation of section 288.5 did not become a qualifying offense for purposes of the One Strike law until September 20, 2006. (Stats. 2006, ch. 337, § 33.)

Finally, the abstract of judgment erroneously indicates appellant was sentenced under the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12) rather than the One Strike law (§ 667.61), and must therefore be corrected.

### *DISPOSITION*

The judgment of conviction is affirmed but appellant's sentence is vacated and the matter is remanded for resentencing under the law in effect at the time appellant committed his offenses. The amended abstract of judgment shall be rendered to reflect application of the correct sentencing provisions and forwarded to the appropriate authorities.