Filed 11/21/13  P. v. Cruz CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D059948 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD221121) |
| JACOB ANDREW CRUZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Laura H. Parsky, Judge.  Affirmed.

Michael Anthony Hernandez for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steven Taylor Oetting and Andrew Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found Jacob Andrew Cruz guilty of one count of employing a minor to engage in prohibited acts and several counts of lewd acts upon a child.  On the lewd act charges, the jury also found true allegations that Cruz had substantial sexual

contact with a child younger than 14 years of age and committed the offenses against more than one victim. He appeals, contending (1) the trial court erred in not taking an affirmative waiver of his right to testify on his own behalf, (2) he was denied due process and a fair trial because the prosecution failed to turn over impeachment evidence in violation of *Brady v. Maryland* (1963) 373 U.S. 83 (*Brady*), and (3) the trial court violated ex post facto principles when it found he was statutorily ineligible for probation. We affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Because Cruz does not challenge the sufficiency of the evidence to support his convictions, we summarize the pertinent facts to provide background for our discussion of his contentions on appeal.

In 2000, Cruz babysat his cousins, Christopher E. and Richard E., at his apartment. Cruz took Christopher into a bedroom where he touched Christopher's penis and sodomized him. Cruz also touched Richard's penis. Years later, Christopher told his girlfriend, Tiffany Brown, about the incident with Cruz.

Around 2006, Cruz lived in a house with several family members, including E. E. E., who was nine years old at the time of trial, testified that Cruz touched her private area. She previously told a child protective services worker that Cruz had touched her under her underwear.

In 2007, Miranda F.'s sister found a suspicious camera outside their home. The camera had video footage taken at night outside Miranda's bedroom window and

2

showed her wearing only a towel. Miranda was 13 years old at the time. Cruz later admitted making the video, hoping to "see nudity."

DISCUSSION

I. *Waiver of Right to Testify*

Cruz contends the trial court was required to obtain an express waiver of his right to testify at trial. We disagree.

"'"Every criminal defendant is privileged to testify in his own defense, or to refuse to do so." [Citation.] The defendant's "absolute right not to be called as a witness and not to testify" arises from the Fifth Amendment to the United States Constitution and article I, section 15 of the California Constitution. [Citation.] Although tactical decisions at trial are generally counsel's responsibility, the decision whether to testify, a question of fundamental importance, is made by the defendant after consultation with counsel. [Citations.]'" (*People v. Carter* (2005) 36 Cal.4th 1114, 1198.) Although a defendant has this right, a court has no duty to advise a defendant of the right to testify or seek an explicit waiver of the right from the defendant unless the court learns of an express conflict between the defendant and defense counsel about the matter. (*People v. Enraca* (2012) 53 Cal.4th 735, 762.) "'[A] trial judge may safely assume that a defendant, who is ably represented and who does not testify[,] is merely exercising his Fifth Amendment privilege against self-incrimination and is abiding by his counsel's trial strategy; otherwise, the judge would have to conduct a law seminar prior to every criminal trial.'" (*People v. Cox* (1991) 53 Cal.3d 618, 671.)

3

Here, after the last witness's testimony, the trial court inquired of both the defense and the prosecution as to whether they wished to present additional evidence. Both sides affirmatively rested. Cruz never sought to testify on his own behalf. Further, he does not point to and we have found no indication in the record of a conflict with defense counsel regarding Cruz's desire to testify at trial. Accordingly, the trial court did not have a duty to obtain Cruz's express waiver of his right to testify.

## II. *Alleged Brady Violation*

A. Background

After trial commenced, Walter Escobar, a District Attorney investigator, interviewed Brown regarding Christopher's disclosure to her about the molestation he suffered as a child. Brown informed Escobar that Christopher told her Cruz molested him during a camping trip at the La Jolla Indian Reservation. Christopher told Brown that Cruz had sex with him from behind and he remembered the incident as if it occurred yesterday.

During trial, the prosecutor provided defense counsel with Escobar's report of the interview. The one-page report summarized the interview and indicated that the interview was recorded. Defense counsel "did not review the particulars of the [report]."

After the jury returned its verdicts, a defense investigator contacted the prosecutor and inquired about the audio recording of Escobar's interview with Brown. The prosecutor gave a CD of the audio recording to the defense investigator.

4

Cruz moved for a new trial, arguing he was prejudiced by the prosecution's failure to provide the audio recording during trial. Specifically, Cruz claimed the information revealed by Brown contradicted Christopher's testimony regarding the location of the incident, Cruz's physical positioning, the absence of any witnesses, and Christopher's revelation of the abuse to Richard. The trial court denied the motion, finding there was no *Brady* violation because the prosecution disclosed the evidence to defense counsel during trial and Cruz failed to show he could not have discovered the evidence with reasonable diligence. Lastly, the court concluded the evidence would not have rendered a different result at trial because Brown's statement lacked credibility and corroborated several aspects of the prosecution's case.

B. Analysis

Cruz contends he was denied due process and a fair trial because the prosecution failed to turn over the audio recording during trial in violation of *Brady*, *supra*, 373 U.S. 83. We reject this argument.

"In *Brady*, the United States Supreme Court held that 'the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.' [Citation.] Thus, under *Brady* and its progeny, the state is required to disclose to the defense any material, favorable evidence. [Citations.] Favorable evidence includes both evidence that is exculpatory to the defendant as well as evidence that is damaging to the prosecution, such as evidence

5

that impeaches a government witness. [Citations.]" (*People v. Uribe* (2008) 162 Cal.App.4th 1457, 1471–1472.)

There are three elements to a *Brady* claim: (1) the evidence must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) that evidence must have been suppressed by the State, either willfully or inadvertently; and (3) defendant suffered prejudice. (*People v. Salazar* (2005) 35 Cal.4th 1031, 1043.) "Conclusions of law or of mixed questions of law and fact, such as the elements of a *Brady* claim [citation], are subject to independent review. [Citation.] Because the [trier of fact] can observe the demeanor of the witnesses and their manner of testifying, findings of fact, though not binding, are entitled to great weight when supported by substantial evidence." (*Id*. at p. 1042.)

Here, Cruz failed to show the prosecution suppressed the evidence. During trial, the prosecution provided defense counsel with a summary of Brown's interview. That summary provided the details of the interview and stated that the interview was recorded. Thus, the information was fully available to Cruz during trial. Simply put, there is no *Brady* claim of prosecutorial suppression of evidence "'when information is fully available to a defendant at the time of trial and his only reason for not obtaining and presenting the evidence to the Court is his lack of reasonable diligence . . . .'" (*People v. Morrison* (2004) 34 Cal.4th 698, 715, quoting *United States v. Brown* (5th Cir. 1980) 628 F.2d 471, 473.)

Further, Cruz has failed to demonstrate there was a material discrepancy between the audio recording and the summary of Brown's interview provided during

6

trial. Based on our review of the summary and transcript of the audio recording, the significant evidence was disclosed to defense counsel. Namely, the summary conveys Brown's recollection that Christopher stated Cruz had sex with him from behind at the La Jolla Indian Reservation and that he had not told anyone about the incident. Accordingly, the evidence was disclosed and available to Cruz during trial. Under these circumstances, we conclude there was no *Brady* violation.

### III. *Alleged Ex Post Facto Violation*

Cruz argues the trial court violated ex post facto principles when it found he was statutorily ineligible for probation on the counts relating to lewd acts on Richard and Christopher because those crimes occurred in 2000, which was before the current version of Penal Code section 667.61 (the One Strike law) was in effect. (All further statutory references are to the Penal Code.) We reject his argument.

"The federal and state prohibitions against ex post facto laws apply to any statute that punishes as a crime an act previously committed which was not a crime when done or . . . inflicts greater punishment than the applicable law when the crime was committed." (*People v. Alvarez* (2002) 100 Cal.App.4th 1170, 1178.)

In its *current* version, the One Strike law requires a person convicted of committing a lewd act in violation of section 288, subdivision (a) to be sentenced to an indeterminate prison term of 15 years to life when, among other things, "[t]he defendant has been convicted in the present case . . . of committing [a qualifying] offense . . . against more than one victim." (§ 667.61, subds. (b), (e)(4).) However, *prior* to 2006, the One Strike law applied to defendants convicted under section 288,

7

subdivision (a) "'*unless* the defendant qualifies for probation under subdivision (c) of Section 1203.066.'" (§ 667.61, former subd. (c)(7), italics added.) Former section 1203.066, subdivision (c), which was effective through December 31, 2005, detailed the findings the court was required to make before granting probation, including findings that the defendant was related to the victim or a member of the victim's household, probation was in the best interests of the child, rehabilitation was feasible, the defendant was removed from the victim's household, and a grant of probation would not threaten the victim with physical harm. "Of course, probation is not required where favorable findings under section 1203.066[, subdivision] (c) are made. The sentencing court 'retains the discretion' to find the defendant unsuitable for probation and to order imprisonment." (*People v. Wutzke* (2002) 28 Cal.4th 923, 932, fn. 7.)

Here, in sentencing Cruz, the trial court found he was ineligible for probation because he committed the offenses against more than one victim and had substantial sexual contact with a victim younger than 14 years of age. Cruz contends the sentence was improper as to his offenses against Christopher and Richard because those crimes occurred before the One Strike law was amended to eliminate the probation exception. He claims the trial court could have exercised its discretion to sentence him to a determinate term or probation. As we shall explain, we reject Cruz's argument on multiple grounds.

First, the trial court could not have granted probation based on the record. "[A] defendant has the burden to present evidence showing that he is entitled to

8

consideration for probation under [former] subdivision (c) of section 1203.066." (*People v. Groomes* (1993) 14 Cal.App.4th 84, 89.) The record revealed that Cruz was related to Christopher and Richard; however, the record does not include evidence as to the other requirements. Further, even if evidence was presented on the probation requirements, probation was not appropriate in this case because Christopher and Richard were adults at the time of sentencing. "[T]he plain language of former section 1203.066(c)(2) evinces the Legislature's intent that a sentencing court shall have no authority, and thus no legal discretion, to grant probation to a defendant . . . in a case in which the molestation victim is no longer a child at time of sentencing." (*People v. Wills* (2008) 160 Cal.App.4th 728, 740.)

Second, Cruz's sentence did not violate ex post facto principles because it was not a greater punishment than the applicable law when the crime was committed. (*People v. Alvarez, supra*, 100 Cal.App.4th at p. 1178.) Cruz was sentenced to terms of 15 years to life for each of his crimes against Christopher and Richard. At the time Cruz committed those crimes, he was subject to the One Strike law *unless* he qualified for probation. (§ 667.61, former subd. (c)(7).) As we previously discussed, Cruz did not meet the requirements for probation. Accordingly, the trial court did not err in sentencing Cruz to indeterminate terms of 15 years to life.

Lastly, we note that Cruz ignores that he was also convicted of committing a lewd act on E. in 2006 and the jury found true allegations that he committed the offense against more than one victim and had substantial sexual contact with E.

9

Accordingly, probation was not available to Cruz based on his crime against E.  Thus, we reject Cruz's contention of an ex post facto violation.

DISPOSITION

The judgment is affirmed.


McINTYRE, J.

WE CONCUR:

HUFFMAN, Acting P. J.

McDONALD, J.