Filed 12/16/21  P. v. Sanchez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>PABLO SANCHEZ,<br><br>    Defendant and Appellant. | F081163<br><br>(Super. Ct. No. BF048598A)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  John D. Oglesby, Judge.

Laura P. Gordon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Jeffrey D. Firestone, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P.J., Poochigian, J. and Snauffer, J.

Defendant Pablo Sanchez was convicted of first degree murder and three counts of attempted murder. As to each count, defendant was found to have personally used a firearm. The trial court imposed an aggregate term of 74 years to life, including four consecutive 10-year enhancements. Defendant contends on appeal that the trial court's imposition of the consecutive 10-year terms for each firearm enhancement violated the ex post facto clauses of the United States and California Constitutions. The People agree. We modify the firearm enhancements to two-year terms on each count. As modified, we affirm.

## PROCEDURAL SUMMARY

On March 10, 2020,[1] the Kern County District Attorney filed a second amended information charging defendant with the May 21, 1988 murder of Alfredo Quinones-Burciaga (Pen. Code, § 187;[2] count 1) and three counts of attempted murder on the same date (§§ 187, subd. (a), 664; counts 2 through 4). As to each count, the second amended information alleged defendant personally used a firearm (§ 12022.5, subd. (a)). As to counts 2 through 4, the second amended information alleged defendant inflicted great bodily injury (§ 12022.7, subd. (a)).

On March 17, the jury found defendant guilty on all counts and found all special allegations true.

On May 13, the trial court sentence defendant to a term of 74 years to life as follows: on count 1, 25 years to life, plus a 10-year firearm enhancement; on counts 2 through 4, consecutive terms of life with minimum parole eligibility in seven years, plus 10-year firearm enhancements, plus three-year great bodily injury enhancements.

On May 13, defendant filed a notice of appeal.

---

**1**    All further dates refer to the year 2020 unless otherwise stated.

**2**    All further statutory references are to the Penal Code unless otherwise stated.

# FACTUAL SUMMARY

On May 21, 1988, Brigido Pena, Alfredo Quinones, Armando Avalos, Miguel Avalos, and Ramon Reyes Esparza drank beer and played cards under a tree in front of Brigido's home in Wasco. A white car approached; defendant was the passenger and another man was the driver ("the driver"). Both men exited the vehicle, approached Brigido, Alfredo, Armando, Miguel and Ramon, and started drinking beer with them.[3] Defendant and Alfredo argued and then fought. Defendant had a five- or six-inch knife that he swung at Alfredo; Alfredo had no weapon. The driver moved toward defendant and Alfredo to assist defendant in the fight. Ramon picked up a wooden stick[4] and prevented the driver from joining the fight.[5] The fight broke up[6] and defendant and the driver left the area in the vehicle. As they left, defendant said he was going to go get a gun. Ramon lived nearby and went home after the fight.

About 10 minutes after the fight ended, police officers arrived. They searched Brigido, Alfredo, Armando, and Miguel for weapons. When they found no weapons, they left the area.

About 10 minutes after the police officers left the area, defendant and the driver returned to the area. Defendant exited the passenger side of the vehicle with a .22-caliber rifle.[7] Alfredo walked toward defendant and defendant fired the rifle, hitting

---

[3] Brigido testified that he was not outside when defendant and the driver of the white car first interacted with the group.

[4] The witnesses refer to the weapon intermittently as a "stick," "wooden post," "wooden panel," "wooden board" and "two-by-four."

[5] Ramon's ex-wife testified that she did not see Ramon with a stick, but defendant picked up a "two-by-four" and hit Ramon with it.

[6] Miguel testified that Alfredo ran away from the fight and went home because he was "tired from fighting." When Alfredo ran away, the driver told defendant that they should leave because Alfredo was going to get a gun.

[7] On the same date, defendant retrieved a .22-caliber rifle that he had previously lent to a friend or acquaintance.

Alfredo repeatedly.  Alfredo died as a result of the gunshots.  Defendant then shot Brigido, Armando, and Miguel.  Brigido, Armando, and Miguel survived.

## DISCUSSION[8]

Defendant argues that the consecutive 10-year firearm enhancements imposed on each count must be stricken because, at the time of the offense, the firearm enhancements carried a two-year maximum term.  By imposing consecutive 10-year enhancements, defendant argues, the trial court violated the ex post facto clauses of the United States and California Constitutions.  The People agree, as do we.

"Both the California and United States Constitutions proscribe ex post facto laws. (U.S. Const., art. I, § 10; Cal. Const., art. I, § 9.)"  (*People v. Alvarez* (2002) 100 Cal.App.4th 1170, 1178.)  As relevant here, an application of a "statute violates the prohibition against ex post facto laws if it … increases the punishment for a crime after it is committed."  (*People v. White* (2017) 2 Cal.5th 349, 351; accord, *Collins v. Youngblood* (1990) 497 U.S. 37, 41–42.)  If a change in law that takes place after an offense was committed would result in a more severe penalty, the sentencing court must apply the law as it existed when the criminal conduct was committed.  (*People v. Trujeque* (2015) 61 Cal.4th 227, 256; *People v. McVickers* (1992) 4 Cal.4th 81, 83–84.)

At the time the offenses were committed, May 21, 1988, former section 12022.5, subdivision (a), provided as follows:  "[a]ny person who personally uses a firearm in the commission or attempted commission of a felony shall … be punished by an additional term of imprisonment in the state prison for two years …."  (Former § 12022.5, subd. (a), as amended by Stats. 1987, ch. 1159, § 1.)  On the date of defendant's sentencing, section 12022.5, subdivision (a) required punishment by "an additional and consecutive term of imprisonment in the state prison for [three], [four], or 10 years …."  (§ 12022.5,

---

**8**    Because defendant raises only legal issues, the facts underlying the offenses are not relevant and are omitted from this opinion.

subd. (a), as amended by Stats. 2017, ch. 682, § 1.) As the parties agree, the trial court should have applied the law as it existed on the date of the offense to avoid violating the prohibition on ex post facto application of law. The sentence imposed was therefore unauthorized and must be modified.[9]

Where an appellate court strikes a portion of a sentence, remand for " 'a full resentencing as to all counts is [generally] appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) However, remand is unnecessary where the trial court has imposed the maximum possible sentence. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 342.)

Here, the trial court imposed the maximum possible sentence on all counts and enhancements. Remand is therefore unnecessary. We modify the four consecutive 10-year terms imposed pursuant to section 12022.5, subdivision (a), to consecutive two-year terms pursuant to former section 12022.5, subdivision (a), as it existed on May 21, 1988.

## DISPOSITION

The firearm enhancements (§ 12022.5, subd. (a)) imposed on counts 1 through 4 are modified to consecutive two-year terms as to each count. As modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment reflecting our modification and forward a copy to the appropriate entities.

---

[9] Although defendant did not object to the error below, the erroneous application of law resulted in an unauthorized sentence. An unauthorized sentence can be corrected at any time. (*People v. Rivera* (2019) 7 Cal.5th 306, 348–349; *People v. Scott* (1994) 9 Cal.4th 331, 354–355.)

5.