Filed 12/6/22  P. v. Adam CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B322614 |
| Plaintiff and Respondent, | (Kern County Super. Ct. No. BF171318A) |
| v. | |
| DEREK CHANNING ADAM, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Kern County, John W. Lua, Judge. Affirmed in part and reversed in part.

Stephen M. Hinkle, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Sally Espinoza, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Derek Channing Adam appeals from a judgment entered after a jury found him guilty of continuous sexual abuse of a child (count 2) and two specific (discrete) sexual offenses: oral copulation or sexual penetration of a child who is 10 years of age or younger (count 1) and committing a lewd or lascivious act upon a child who is under 14 years of age (count 3). Adam contends Penal Code section 288.5, subdivision (c)[1] precludes his convictions for both continuous sexual abuse of a child and specific sexual offenses committed against the same victim during the same time period. He is correct. The remedy is to either reverse the conviction for continuous sexual abuse or the convictions for the specific sexual offenses. For the reasons explained below, under the rationale of applicable caselaw, we conclude the appropriate remedy is to reverse the conviction for continuous sexual abuse, leaving Adam convicted of the offenses providing the greater punishment, commensurate with his culpability (a 15-year-to-life sentence on count 1 and a stayed term on count 2, as opposed to a 16-year sentence on count 2).

Adam also contends the trial court erred in failing to determine his ability to pay various fines and assessments before imposing them. He did not object in the trial court to the imposition of the fines or assessments; nor did he request a determination of his ability to pay. Thus, he forfeited his challenge to the fines and assessments.

## BACKGROUND

An information filed June 22, 2018, charged Adam with oral copulation or sexual penetration of a child who is 10 years of age or younger (§ 288.7, subd. (b); count 1); continuous sexual

---

[1] Undesignated statutory references are to the Penal Code.

2

abuse of a child (§ 288.5, subd. (a); count 2); and committing a lewd or lascivious act upon a child who is under 14 years of age (§ 288, subd. (a); count 3). The information alleged the three offenses were committed against the same victim and occurred "on or about and between September 8, 2014 and February 15, 2018."

A lengthy recitation of the facts and circumstances of the offenses is not necessary because Adam does not challenge the sufficiency of the evidence supporting his convictions. The prosecution presented evidence at trial indicating that, beginning when his niece was six or seven years old, and continuing to when she was eight or nine years old, Adam placed his penis in his niece's mouth when he babysat her. On these occasions, he took her into a closet or a bedroom, and he usually draped something over her, such as a blanket. The child could not state the exact number of times this occurred, but she confirmed it occurred more than 10 times.

On February 10, 2021, the jury found Adam guilty of the charged offenses. On March 15, 2021, the trial court sentenced him. The court deemed count 1, oral copulation or sexual penetration of a child who is 10 years of age or younger, to be "the primary sentence," and noted it "require[d] a sentence by law" of 15 years to life in prison, which the court imposed. The court imposed and stayed under section 654 the following terms on the other counts: the middle term of 12 years on count 2, continuous sexual abuse of a child; and the middle term of six years on count 3, committing a lewd or lascivious act upon a child who is under 14 years of age. In imposing these terms on counts 2 and 3, the court referenced a circumstance in mitigation (Adam had no prior record of criminal conduct) and a circumstance in aggravation (as

3

the victim's uncle and babysitter, Adam took advantage of a position of trust to commit the offenses).

Without objection from Adam, the trial court imposed the following fines and assessments: a $30 court facilities assessment for each of the three convictions, or $90 (Gov. Code, § 70373); a $40 court operations assessment for each of the three convictions, or $120 (§ 1465.8); the minimum restitution fine of $300 (§ 1202.4, subd. (b)); a $300 parole revocation fine, which was stayed unless parole was revoked (§ 1202.45); and, as to count 1, a $300 fine for sex offenders (§ 290.3), plus statutory penalty assessments on the fine of $930, or $1,230.[2] Accordingly, the total amount due was $1,740.

## DISCUSSION

### I. Under Section 288.5, Subdivision (c), Adam Cannot Stand Convicted of Both Continuous Sexual Abuse of a Child and Other Specific Sexual Offenses

The parties agree, as do we, that Adam's convictions for continuous sexual abuse of a child and the two other specific sexual offenses committed against the same victim during the same time period cannot all stand under the prohibition in section 288.5, subdivision (c), defined below. They disagree as to which convictions we should reverse. Adam urges us to "dismiss" his convictions on counts 1 and 3 (the two specific sexual offenses), leaving him convicted of continuous sex abuse of a child (count 2) and sentenced to 12 years in prison. The Attorney General argues the appropriate remedy is to "vacate" Adam's convictions on counts 2 and 3, leaving him convicted of oral

---

[2] As to counts 2 and 3, the trial court stayed the fine imposed under section 290.3.

copulation or sexual penetration of a child who is 10 years of age or younger (count 1) and sentenced to 15 years to life in prison. For the reasons explained below, we reverse Adam's conviction on count 2 for continuous sexual abuse of a child and conclude Adam's convictions on counts 1 and 3 (the specific sexual offenses) may stand.[3]

Section 288.5, subdivision (c) provides, in pertinent part: "No other act of substantial sexual conduct, as defined in subdivision (b) of Section 1203.066, with a child under 14 years of age at the time of the commission of the offenses, or lewd and lascivious acts, as defined in Section 288, involving the same victim may be charged in the same proceeding with a charge under this section unless the other charged offense occurred outside the time period charged under this section or the other offense is charged in the alternative." In *Johnson*, *supra*, 28 Cal.4th at page 248, our Supreme Court interpreted section 288.5, subdivision (c) to mean prosecutors "may not obtain multiple convictions" for "continuous sexual abuse and specific sexual offenses, pertaining to the same victim over the same period of time."

As set forth above, Adam was charged in count 1 with oral copulation or sexual penetration of a child who is 10 years of age or younger, an act of substantial sexual conduct (§§ 288.7, subd. (b), 1203.066, subd. (b)), in count 2 with continuous sexual abuse

---

[3] We use the term "reverse" rather than "vacate" to describe our disposition, following the terminology our Supreme Court used in *People v. Johnson* (2002) 28 Cal.4th 240, 248 (*Johnson*). Courts appear to use these two terms interchangeably. We include the word "vacate" below when quoting from other appellate court opinions.

of a child (§ 288.5, subd. (a)), and in count 3 with committing a lewd or lascivious act upon a child who is under 14 years of age (§ 288, subd. (a)). The three offenses involved the same victim, and the information alleged each of the offenses occurred during the same time period. The offenses were not charged in the alternative, and Adam was convicted of all three. As the parties agree, under section 288.5, subdivision (c), Adam cannot stand convicted of continuous sexual abuse of a child as well as the two specific sexual offenses committed against the same victim during the same time period.

In *Johnson*, the Supreme Court did not specifically address which of the defendant's multiple convictions should be reversed, the continuous sexual abuse of a child or the five specific sexual offenses for forcible lewd act upon the same child, which occurred during the same time period. The Court did, however, set forth "the Court of Appeal's reasoning" in the case that "*either* the continuous abuse conviction *or* the convictions on the specific offenses must be vacated." (*Johnson, supra*, 28 Cal.4th at p. 245, italics added.) The Supreme Court affirmed the Court of Appeal's reversal of the convictions for the five specific sexual offenses, leaving the defendant convicted of continuous sexual abuse. (*Id*. at p. 248.) Adam takes this to mean that the proper remedy for the charging violation under section 288.5, subdivision (c) in this case is to reverse the convictions for the specific sexual offenses and leave him convicted of continuous sexual abuse. Appellate caselaw decided subsequently to *Johnson* shows otherwise and explains how to determine which conviction(s) should be reversed in the event of such a charging violation.

In *People v. Torres* (2002) 102 Cal.App.4th 1053, 1055 (*Torres*), applying *Johnson*, the Court of Appeal held the

6

defendant could not "stand convicted of both a violation of section 288.5 [continuous sexual abuse of a child], and of multiple counts of other specific felony sex offenses committed against the same victim and in the same time period as the section 288.5 count." The court further held "the appropriate remedy for the failure to plead these offenses in the alternative, as required by subdivision (c) of section 288.5, is to reverse [the defendant]'s conviction on the section 288.5 count," leaving him "convicted of 10 counts of other felony sex offenses committed against [the same victim] occurring within the same time period." (*Torres*, at pp. 1055-1056.)

Similarly to Adam, the defendant in *Torres* argued *Johnson* "requires that whenever multiple convictions are obtained in violation of section 288.5, subdivision (c), only the conviction for continuous sexual abuse may stand, and the convictions on the specific counts must be vacated." (*Torres*, *supra*, 102 Cal.App.4th at p. 1057.) The Court of Appeal in *Torres* rejected this argument explaining, as we did above, that in *Johnson* the Supreme Court did not reach the question of whether "the proscription against multiple convictions in section 288.5, subdivision (c) could be remedied instead by reversing the section 288.5 conviction." (*Ibid.*) The "Supreme Court's opinion [in *Johnson*] requires nothing more than vacation of *either* the continuous sexual abuse conviction *or* the convictions on the specific sexual offenses." (*Ibid.*)

In deciding whether to reverse the defendant's conviction for continuous sexual abuse or his convictions for the specific sexual offenses, the Court of Appeal in *Torres* concluded it was appropriate to "leave [the defendant] standing convicted of the alternative offenses that are most commensurate with his

culpability." (*Torres, supra,* 102 Cal.App.4th at p. 1059.) In reversing the defendant's conviction for continuous sexual abuse and leaving him convicted of the 10 specific sexual offenses that occurred in the same period and against the same victim as the continuous sexual abuse offense, the court explained: "Because of the number and severity of these specific offenses, [the defendant] faced a greater maximum aggregate penalty with respect to these than he did on the continuous sexual abuse offense. The [trial] court also imposed a greater aggregate sentence with respect to the specific offenses than on the section 288.5 offense [continuous sexual abuse], and stayed execution of sentence on the latter. In these circumstances we conclude the appropriate remedy is to reverse the conviction for violating section 288.5." (*Id.* at p. 1060.) The appropriate remedy "will ordinarily translate to upholding whichever conviction resulted in the greater aggregate penalty and vacating the less serious count." (*People v. Rojas* (2015) 237 Cal.App.4th 1298, 1309.)

The Court of Appeal in *Torres* noted that the "intent of the Legislature in enacting section 288.5 was 'to provide *additional* protection for children subjected to continuing sexual abuse and certain punishment.' (Stats. 1989, ch. 1402, § 1, p. 6138, italics added.)" (*Torres, supra,* 102 Cal.App.4th at pp. 1058-1059.) The *Torres* court also quoted from this appellate district's opinion in *People v. Alvarez* (2002) 100 Cal.App.4th 1170, 1177-1178, which reasoned, "It would be anomalous if section 288.5, adopted to prevent child molesters from evading conviction, could be used by those molesters to circumvent multiple convictions with more severe penalties and prior-strike consequences than available for a conviction under section 288.5." (*Torres,* at pp. 1060-1061; compare *People v. Bautista* (2005) 129 Cal.App.4th 1431, 1438

[the defendant "has not suggested how a conviction of four counts of procuring C. [the victim] is in any way more commensurate with her culpability than a conviction of continuous sexual abuse of C., and we fail to see how convicting [the defendant] only of procurement is in any way proportionate to the egregious criminal conduct in which she engaged. Consequently, we affirm the conviction of continuous sexual abuse of C., and vacate her convictions of procurement of C." under the prohibition in section 288.5, subdivision (c)].)

The remedy here for the charging violation under section 288.5, subdivision (c) is either reversal of the conviction for continuous sexual abuse of a child or reversal of the convictions for the specific sexual offenses. The conviction on count 1 for oral copulation or sexual penetration of a child who is 10 years of age or younger under, a violation of section 288.7, subdivision (b), carries the greatest punishment: the defendant "shall be punished by imprisonment in the state prison for a term of 15 years to life." (§ 288.7, subd. (b).) Commensurate with Adam's culpability, the trial court selected count 1 as the base term and imposed the mandatory sentence of 15 years to life. The court imposed and stayed the middle terms on count 2 for continuous sexual abuse of a child (§ 288.5, subd. (a)) and count 3 for committing a lewd or lascivious act upon a child who is under 14 years of age (§ 288, subd. (a)).[4] In accordance with the rationale in *Torres* and other caselaw cited above, we reverse Adam's conviction for continuous sexual abuse of a child (count 2),

---

[4] The punishment for a violation of section 288.5, subdivision (a) is 6, 12, or 16 years in state prison. The punishment for a violation of section 288, subdivision (a) is 3, 6, or 8 years in state prison.

9

dismiss count 2, and leave Adam standing convicted of the specific sexual offenses (counts 1 & 3), with the sentence the trial court imposed on those counts (the mandatory term of 15 years to life on count 1 and the middle term, stayed, on count 3). The sentence and fines and assessments imposed on count 2 are vacated. Remand for resentencing is not required, and neither Adam nor the Attorney General suggests otherwise.

## II. Adam Forfeited His Contentions Regarding Inability to Pay Fines and Assessments

Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), Adam contends the trial court violated his due process rights under the federal and state constitutions when it imposed fines and assessments without a hearing to determine his ability to pay. In the alternative, citing *People v. Cowan* (2020) 47 Cal.App.5th 32 (*Cowan*), review granted June 17, 2020, S261952, Adam contends the trial court violated prohibitions in the federal and state constitutions against excessive fines when it imposed fines and assessments without determining his ability to pay. The Attorney General argues Adam forfeited these contentions by failing to raise an objection in the trial court to the imposition of the fines and assessments or request the court consider his ability to pay them. We agree with the Attorney General.

As set forth above, at the March 15, 2021 sentencing hearing, held well after *Dueñas* and *Cowan* were decided, the trial court imposed the following fines and assessments, with no objection from Adam: a $300 restitution fine under section 1202.4, subdivision (b), the minimum fine permissible under the statute;[5] $120 in court operations assessments ($40 per

---

[5] A trial court may not consider a defendant's inability to pay in imposing the minimum restitution fine, only in increasing

conviction), as required under section 1465.8; $90 in court facilities assessments ($30 per conviction), as required under Government Code section 70373; and, as to count 1, a $300 fine for sex offenders under section 290.3, plus statutory penalty assessments on the fine of $930, or $1,230.[6] Thus, Adam was required to pay a total of $1,740.[7] This amount is now reduced by $70 ($40 for the court operations assessment and $30 for the court facilities assessment), to $1,670, based on our reversal of Adam's conviction on count 2.

the fine in excess of the minimum. (§ 1202.4, subd. (c).) Here, the trial court imposed the minimum restitution fine under section 1202.4, subdivision (b).

[6] The fine under section 290.3 shall be imposed as punishment "unless the court determines that the defendant does not have the ability to pay the fine." (§ 290.3, subd. (a).) The penalty assessments applicable to a $300 base fine under section 290.3, as required by statute, are: (1) a 100 percent state penalty assessment (§ 1464, subd. (a)(1)), or $300; (2) a 70 percent additional penalty (Gov. Code, § 76000, subd. (a)(1)), or $210; (3) a 20 percent state surcharge (§ 1465.7), or $60; (4) a 50 percent state court construction penalty (Gov. Code, § 70372), or $150; (5) a 20 percent additional penalty for emergency medical services (Gov. Code, § 76000.5), or $60; (6) a 10 percent additional DNA penalty (Gov. Code, § 76104.6, subd. (a)(1)), or $30; and (7) a 40 percent additional state-only DNA penalty (Gov. Code, § 76104.7, subd. (a)), or $120. As set forth above, the total of these penalty assessments is $930.

[7] The trial court also imposed but stayed a $300 parole revocation fine under section 1202.4, and a $300 fine under section 290.3 on each of counts 2 and 3. The latter $300 fine on count 2 is vacated based on our reversal of Adam's conviction on count 2.

Adam forfeited any contentions about the fines and assessments by failing to raise them in the trial court. (See, e.g., *People v. Avila* (2009) 46 Cal.4th 680, 729 [rejecting argument that, because the defendant did not have the ability to pay, imposition of a restitution fine in excess of the minimum resulted in an unauthorized sentence not subject to the forfeiture rule]; *People v. Trujillo* (2015) 60 Cal.4th 850, 859 [the constitutional nature of the defendant's claim regarding his ability to pay did not justify deviation from the forfeiture rule].)  Although *Dueñas* and *Cowan* were decided before Adam's sentencing hearing, Adam did not argue he was entitled to an ability-to-pay hearing either before or at the sentencing hearing when the trial court imposed the fines and assessments.

Adam argues his trial counsel rendered ineffective assistance by failing to object.  He cannot make the requisite showing:  "(1) that defense counsel's performance fell below an objective standard of reasonableness, i.e., that counsel's performance did not meet the standard to be expected of a reasonably competent attorney, and (2) that there is a reasonable probability that defendant would have obtained a more favorable result absent counsel's shortcomings."  (*People v. Cunningham* (2001) 25 Cal.4th 926, 1003, citing *Strickland v. Washington* (1984) 466 U.S. 668, 687-694.)  " 'If the record on appeal fails to show why counsel acted or failed to act in the instance asserted to be ineffective, unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation, the claim must be rejected on appeal.' "  (*Cunningham*, at p. 1003.)

The record before us does not demonstrate that Adam had an inability to pay or that there was no valid reason trial counsel

did not object to the fines and assessments. The trial court imposed the minimum statutory fines and assessments, in accordance with the recommendation in the probation report, after the probation officer interviewed Adam about his financial status. The probation report reflects that Adam's monthly expenses were less than half the amount he received in monthly government benefits. Adam was 35 years old at the time he was sentenced. Based on the record before us, Adam cannot establish ineffective assistance of counsel because he cannot show (1) there could be no satisfactory explanation for his counsel's decision not to object to the fines and assessments (i.e., that he had the ability to pay) or (2) the outcome would have been more favorable if his counsel objected.[8]

## DISPOSITION

Adam's conviction on count 2 for continuous sexual abuse of a child under section 288.5, subdivision (a) is reversed, the sentence and fines and assessments imposed on count 2 are vacated, and count 2 is dismissed. In all other respects, the judgment is affirmed. The clerk of the superior court is directed

---

[8] In his appellate briefing, Adam asks us to take judicial notice of information on the California Department of Corrections and Rehabilitation's Web site regarding jobs and wages for inmates. Because this information is not material to our analysis, we decline to take judicial notice.

13

to prepare an amended abstract of judgment and to forward it to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

BENDIX, Acting P. J.

WEINGART, J.