Filed 9/20/22  P. v. Hernandez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>JOSE DE JESUS HERNANDEZ,<br><br>        Defendant and Appellant. | D080015<br><br><br><br>(Super. Ct. No. FVI17003037) |

APPEAL from a judgment of the Superior Court of San Bernardino County, Tony Raphael, Judge.  Affirmed in part, reversed in part, and remanded with directions.

Patricia L. Brisbois, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Britton B. Lacy, Deputy Attorneys General for Plaintiff and Respondent.

## INTRODUCTION

Jose De Jesus Hernandez was sentenced to serve a prison term of 30 years to life, consecutive to 8 years and 8 months, upon the jury finding him guilty of sexually abusing his stepdaughter and his two nieces, who were all then age 14 or younger. Hernandez does not challenge the sufficiency of the evidence supporting his convictions but he asserts two sentencing errors require his matter be remanded for resentencing.

On the first asserted error, the Attorney General properly concedes the trial court imposed an unauthorized sentence of 15-years-to-life for Hernandez's conviction on count 4 of continuous sexual abuse (Pen. Code,[1] § 288.5, subd. (a)). Section 288.5 was not yet a One Strike offense under section 667.61 at the time Hernandez committed that offense. Accordingly, we vacate the sentence on count 4 and remand the matter for resentencing consistent with our opinion. Under the full resentencing rule, the trial court is permitted to revisit all prior sentencing decisions under any new legislation enacted while this appeal was pending. For that reason, we do not reach the merits of Hernandez's second asserted error that he is entitled to remand for resentencing on count 3 for his lewd act conviction (§ 288, subd. (a)) under the ameliorative sentencing provisions of recently-enacted Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567). Additionally, clerical errors in the sentencing minute order and abstracts of judgment shall be corrected. In all other respects, the judgment is affirmed.

## RELEVANT BACKGROUND

Hernandez began sexually abusing his stepdaughter, Jane Doe 1, when she was eight years old until she was 12 or 13. He rubbed his penis against

---

[1] All further undesignated statutory references are to the Penal Code.

2

her vagina, sodomized her, made her orally copulate him, and licked, touched, and grabbed her breasts. He was charged in count 1 with continuous sexual abuse of Jane Doe 1, in violation of section 288.5, subdivision (a). In count 2, he was charged with committing a lewd act on Jane Doe 1 when she was 14 years old and he was at least 10 years older than her, in violation of section 288, subdivision (c)(1).

Hernandez sexually abused two of his nieces, Jane Doe 2 and Jane Doe 3. When Jane Doe 2 was about six or seven years old, Hernandez took her into a room, got on top of her, covered her mouth with one hand and told her not to scream or make noises, kissed her, touched her vagina, and rubbed his body on hers. Another time, he sat Jane Doe 2 on his lap, spread her legs open and rubbed her vagina. He was charged in count 3 with committing a lewd act on Jane Doe 2, in violation of section 288, subdivision (a).

He sexually abused Jane Doe 3 from the time she was eight or nine years old until she was 15. He repeatedly touched her buttocks and breasts, sucked on her nipples, rubbed his penis on her body and vagina, made her masturbate and orally copulate him, and masturbated himself in front of her. In count 4, he was charged with continuous sexual abuse of Jane Doe 3, another violation of section 288.5, subdivision (a).

The jury convicted Hernandez on all four counts as charged. He committed these crimes against the three victims at various times over the span of 23 years, from 1994 to 2017.

The trial court sentenced Hernandez to a total prison term of 8 years and 8 months, followed by a consecutive term of 30 years to life. The court rejected the probation department's recommendation that he be sentenced to 12 years and 8 months with a subsequent parole period of 3 to 4 years, finding that the recommendation did not "adequately account[ ]" for

Hernandez's conduct and the harm he caused the victims. The court stated it intended to "impose the maximum sentence allowed." It then imposed the upper term of 8 years on count 3 as the principal term and a consecutive term of 8 months on count 2 (one-third of the midterm). As to counts 1 and 4, the People had alleged Hernandez was subject to a term of 15 years to life upon conviction of each count, under section 667.61, subdivisions (b) and (e), because he had committed continuous sexual abuse against multiple victims. The trial court then imposed consecutive sentences of 15 years to life on counts 1 and 4, for a total indeterminate term of 30 years to life.

DISCUSSION

I.

*The One Strike Sentence on Count 4 Must Be Vacated Because it Violates the Constitutional Prohibitions Against Ex Post Facto Laws*

Section 667.61—known as the One Strike Law—was enacted in 1994 to provide "an alternative and harsher sentencing scheme" for specified sex crimes committed under certain aggravated circumstances. (*People v. Mancebo* (2002) 27 Cal.4th 735, 741; § 667.61, subd. (b).) Relevant here, the One Strike Law requires a sentence of 15 years to life for a person convicted of certain enumerated offenses that are committed against multiple victims. (§ 667.61, subds. (b), (e)(4).) Continuous sexual abuse of a child, in violation of section 288.5, is *presently* one of those enumerated offenses. (§ 667.61, subd. (c)(9).)

But at the time Hernandez committed continuous sexual abuse of Jane Doe 3—from September 1996 through September 2001—as charged in count 4, section 288.5 was not among the enumerated offenses that would subject a person to the indeterminate life sentences under the One Strike Law. (See Stats. 1998, ch. 936, § 9; former section 667.61, subd. (c)(1)–(7); *People v.*

4

*Valenti* (2016) 243 Cal.App.4th 1140, 1174 (*Valenti*) ["before 2006, section 288.5 was not a One Strike offense"].)  It was not until 2006 that the Legislature amended section 667.61, subdivision (c), to add continuous sexual abuse of a child in violation of section 288.5 as a One Strike offense.  (See Stats. 2006, ch. 337, § 33; § 667.61, subd. (c)(9); *Valenti*, at p. 1174.)

Thus, at the time Hernandez committed count 4, he was subject only to a determinate sentencing triad of 6, 12, or 16 years.  (§ 288.5, subd. (a).)  However, the People had incorrectly alleged that the multiple victim circumstance under section 667.61, subdivisions (b) and (e), applied to count 4, and the trial court imposed the unauthorized sentence of 15 years to life on that count.[2]  This sentence, the Attorney General correctly concedes, was prohibited by the ex post facto clauses of the California and United States Constitutions.  (U.S. Const., art. I, § 10; Cal. Const., art. I, § 9.)  "The indeterminate life sentences now prescribed by section 667.61 greatly exceed the determinate sentences of 6, 12, or 16 years previously available for violations of section 288.5.  Thus, the ex post facto clause[s] prohibit[ ] sentencing defendants under the One Strike law for section 288.5 violations committed before September 20, 2006." (*Valenti*, *supra*, 243 Cal.App.4th at p. 1174; see also *People v. Alvarez* (2002) 100 Cal.App.4th 1170, 1178 ["The

---

2    At sentencing, the trial court acknowledged it "inadvertently did not instruct on CALCRIM 3181, the multiple victim enhancement" alleged as to counts 1 and 4, but concluded its failure to sua sponte instruct on the elements of the One Strike circumstance under section 667.61 was harmless since the jury's guilty verdicts necessarily established the multiple victim circumstance.  Although Hernandez notes in his opening brief on appeal that his trial counsel objected to sentence being imposed under the One Strike Law "because, though pleaded, the jury had not been asked to return a true finding on that allegation and had not been instructed on it either," he raises no claim of error regarding the instructions or verdict forms.

federal and state prohibitions against ex post facto laws apply to any statute that punishes as a crime an act previously committed which was not a crime when done or that inflicts greater punishment than the applicable law when the crime was committed."].)

Accordingly, we vacate the sentence on count 4 and remand the matter for resentencing on count 4 without application of the One Strike Law (§ 667.61).

## II.

*Because the Matter Must Be Remanded for Resentencing on Count 4, We Need Not Reach the Merits of the Asserted Sentencing Error on Count 3*

At the time Hernandez was sentenced, section 1170, former subdivision (b), left it to the sentencing judge's "sound discretion" to select the appropriate term within a sentencing triad that "best serves the interests of justice." (§ 1170, former subd. (b), as amended by Stats. 2018, ch. 1001 (Assem. Bill No. 2942) § 1.) In sentencing Hernandez on count 3, the trial court imposed the upper term of 8 years, having found factors in aggravation justified the sentence. But while Hernandez's appeal was pending, the Legislature enacted Senate Bill 567, which made significant amendments to the determinate sentencing law under section 1170, former subdivision (b). (Stats. 2021, ch. 731, § 1.3.) Effective January 1, 2022, a "court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).)

Hernandez contends the recent amendments to section 1170, subdivision (b), are ameliorative and apply retroactively to him under the rule of *In re Estrada* (1965) 63 Cal.2d 740. He requests we vacate his sentence on count 3 and remand for resentencing. In response, the People contend "there is no need for this court to consider the merits of this claim given that remand is required for resentencing on count 4" and the trial court "may revisit all of its prior sentencing decisions under the new legislation." We agree with the People.

"[T]he full resentencing rule allows a [trial] court to revisit all prior sentencing decisions when resentencing a defendant." (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424–425; accord *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate' "].) A court conducting a full resentencing may "exercise its sentencing discretion in light of . . . changed circumstances." (*People v. Navarro* (2007) 40 Cal.4th 668, 681.) This, of course, includes any new legislation delimiting that sentencing discretion. (See *Valenzuela,* at p. 425 ["[I]n a Proposition 47 resentencing, the trial court not only must revisit its prior sentencing decisions, it also must decide whether the factual basis for an enhancement has been abrogated by the redesignation of a felony conviction as a misdemeanor."]; *People v. Jones* (2022) 79 Cal.App.5th 37, 45–47 [holding the need to apply amended sections 1170, subdivision (b), and 654 to the defendant's sentence warranted a remand for a full resentencing].) We presume the trial court will comply with current section 1170, subdivision (b), when making its full resentencing decision. We therefore need not and do not reach the merits of Hernandez's claim of asserted Senate Bill 567 error.

## III.

*Clerical Errors in the Sentencing Minute Order and Abstracts of Judgment Shall Be Corrected*

At sentencing, the trial court imposed three separate victim restitution orders under section 1202.4 in the amounts of $2,654.95, $375, and $225, for a total of $3,254.95 in victim restitution. However, the sentencing minute order and indeterminate abstract of judgment state that Hernandez is to pay victim restitution in four specific amounts: $3,254.95, $2,654.95, $375, and $225. Both parties agree the first enumerated amount of $3,254.95, which is the total of the other three amounts of victim restitution when combined, is erroneous. Accordingly, the sentencing minute order and indeterminate abstract of judgment shall be corrected to comport with the oral pronouncement of judgment. (See e.g., *People v. Zackery* (2007) 147 Cal.App.4th 380, 385–386 ["Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls."].)

Additionally, the indeterminate and determinate abstracts of judgment incorrectly state 2010 as the year Hernandez committed all of his crimes. Based on the charges in the information, evidence at trial, jury instructions, and verdicts, the parties agree count 1 occurred between 2010 to 2016; count 2 occurred between 2016 to 2017, count 3 occurred between 1994 to 1995, and count 4 occurred between 1996 to 2001. The abstracts of judgment shall be corrected accordingly. (See e.g., *People v. Mitchell* (2001) 26 Cal.4th 181, 186–188 [court has inherent power to correct errors in its records to make records reflect the true facts].)

## DISPOSITION

The sentence imposed for count 4 is vacated. The matter is remanded for resentencing consistent with this opinion. The judgment is affirmed in all other respects.

Upon resentencing, the court is instructed to issue an amended abstract of judgment to reflect Hernandez's new sentence and to correct the errors in the original abstract of judgment that have been identified in this opinion. The court shall forward the amended abstract of judgment to the California Department of Corrections and Rehabilitation.

The court is additionally directed to correct the "**Corrected** [¶] Minute Order" dated September 20, 2021, page 2, to remove "$3,254.95" from the "Victim Comp. Board ordered reimbursed to be collected by DOC $3,254.95 $2,654.95 . . . $375.00 . . . $225.00 . . . ." so that the minute order accurately reflects what occurred at the sentencing hearing.

DO, J.

WE CONCUR:


McCONNELL, P. J.


BUCHANAN, J.

9